HIRAM DARLING v. H. S. BOWEN.

If a military officer transcends the limits of his authority, and assumes cognizance of matters not within his jurisdiction, his acts are void and afford no justification to him, nor those acting under his authority.

A physical disability or bodily infirmity, not apparent, does not exempt a person from enrolment in the militia, and whether such infirmity be apparent or not, the officer enrolling must judge, in the first instance, whether the disability is such as exempts from military duty or not. If he misjudge, the error must be corrected by a disenrolment, agreeably to the provisions of the statute, and cannot be inquired into collaterally.

If an execution, directed to a sergeant, be regular, he is not responsible for irregularity in the previous proceedings.

TRESPASS for taking plaintiff's mare.

Plea—General issue, and two special pleas in bar.

1. That defendant took said mare, by virtue of an execution against the plaintiff, issued by Alvin Hall, captain of the seventh company of the third regiment, third brigade and third division of the militia of this state, on an amercement, by said captain, of the plaintiff, for delinquency of military duty in said company, and directed to defendant, as orderly sergeant of said company, and that he, as such orderly sergeant, proceeded to advertise and sell, and did, on the 9th day of December, 1836, sell said mare, on said execution, according to law, in satisfaction of such execution,—setting forth his whole proceedings, but omitting to allege in his plea, that the plaintiff was enrolled in said company, or warned to appear at the company training, for neglect of which appearance the fine in question was imposed.

The defendant pleaded, secondly, that before the committing of the said supposed trespass in the plaintiff's declara-

tion mentioned, there was "in said Berkshire, a company of "militia of this state, known and designated as the seventh "company of infantry, in the third regiment, third brigade "and third division of the militia of this state," of which Alvin Hall was captain, duly elected, commissioned and sworn—and setting forth the issuing of orders by said captain for a company training,—the enrolment of plaintiff in said company and his liability to do military duty therein,— the warning to appear at said company training,—plaintiff's neglect to appear, and his amercement for such neglect, by said captain,—the issuing of an execution for the collection of said fine, directed to the defendant, as orderly sergeant of said company, and the levying by him, as such orderly sergeant, of said execution on the mare in question, and setting forth, as in the first plea, the advertising and sale of said mare, in satisfaction of the sums contained in said execution, but omitting to allege that said company was a legally organized company of said regiment.

The plaintiff replied, that at the time when the said Alvin Hall, captain of said company, issued his said orders, for said company to meet, as in said plea alleged, and at the time the plaintiff was warned, agreeably to the order of said captain, as mentioned in said plea, and for a long time before, to wit, for more than two years before, and at the time when it is alleged that the said captain amerced the plaintiff in said fine, and for a long time, to wit, three years before, and afterwards, the plaintiff was not an able bodied man or citizen, and was not subject to the requisitions of the act, entitled "an act, regulating and governing the militia of this state," and was not subject to be enrolled in the militia of this state, nor subject to any order or orders of the said captian nor liable to any process issued by him, but, on the contrary, was, at the times before mentioned, and for more than two years before, and afterwards, and still is in feeble bodily health, by reason of bodily infirmity called a breach, and, by reason of such infirmity, was, during all the time aforesaid, and ever since, disabled from performing the duties in the militia of this state, required by said act,—and that, previous to the issuing of the order aforesaid, the plaintiff notified the said captain, that he was not able nor liable to do military duty, nor subject to any order from him, and that, after the amerce-

FRANKLIN,
January,
1838.

Darling
v.
Bowen.

ment of the plaintiff, by the said captain, to wit, on the 8th day of December, 1836, the plaintiff presented to the said captain a certificate of Doct. John S. Webster, then surgeon of said regiment, dated the 8th day of December, 1836, of the same disability before mentioned.

To this replication the defendant demurred. The County Court adjudged the replication insufficient, and rendered a judgment for the defendant, and the plaintiff excepted.

*H. R. Beardsley,* for plaintiff.

1. The act, for regulating and governing the militia of this state, provides only, that each and every free, *able bodied* white male citizen of this state, &c., shall be subject to the requisitions of the act, and enrolled in the militia, &c.

It is obvious that none but *able bodied* men are embraced within the act.

The statute does not undertake to define what bodily infirmity shall exempt a man, but it is plainly inferable, that any man, who, by reason of any bodily defect, is rendered less capable of enduring fatigue than he otherwise would be, is not such an *able bodied* man, as the statute contemplates.

After the captain had been duly notified of the disability, if, with that notice, he proceeded to amerce the plaintiff, he must be regarded as doing it at his peril. After notice of the disability was given by the plaintiff, he stood in the same situation, as a man with but one leg, or one arm, over whom the captain could, by law, have no jurisdiction or power.

The plaintiff, then, was not liable to do military duty. He was not subject to the jurisdiction of the captain. And the captain in undertaking to impose a fine, has exceeded his jurisdiction, and his doings are, therefore, void. *McLane* v. *Stuart,* reported in Swift's Ev. 359.

2. The defendant's first plea in bar is defective. It does not show that the necessary steps required by law, in order to render the plaintiff amenable to a fine, have ever been taken; viz, that he was enrolled, or warned to appear, or that he neglected. This is certainly necessary. To merely set forth the fact, that the captain assessed the fine, is not sufficient. The act of amercement is not a judicial, but a mere ministerial act. The captain is not a judicial, but a ministerial officer.

*S. S. Brown*, for defendant.

1. The defendant, as orderly sergeant, was justified, while acting in his official capacity, in levying and collecting the execution in question, which was regular upon the face of it.

2. The execution, under which the defendant justifies, cannot be collaterally impeached, as the captain, who imposed the fine, had jurisdiction of the subject matter.  *Mower* v. *Allen & Bateman*, 1 D. Chip. R. 382.

3. The Legislature has constituted militia officers courts of competent jurisdiction, and an appeal lies from the captain to the regimental field officers, whose acts are not ministerial, but judicial, and their decisions are conclusive.

4. The plaintiff, having no apparent infirmities, was properly enrolled ; if he was entitled to an exemption from military duty, he should have procured a certificate from the surgeon of the regiment, and procured a disenrolment, in conformity with the provisions of the eighth section of the statute relating to the militia.  Stat. 615.

Until disenrolled, he was not exempted from doing military duty.

The opinion of the court was delivered by

PHELPS, J.—The sufficiency of the plaintiff's replication depends altogether upon the effect of the supposed physical disability alleged therein.  It is not to be questioned, that, if a military officer, transcend the limits of his authority and take cognizance of a matter not within his jurisdiction, his acts are void, and will afford no justification to those who act under him.  It may, also, be conceded, that, if he assume jurisdiction over those, who are not liable to enrolment, as subjects of military duty, he transcends his authority, and that he and those, who act under him, or under his supposed authority, may be made trespassers.

But, whether physical infirmity constitutes an absolute exemption from military duty, in such sense as that no military jurisdiction could be exercised over the subject of it, may well be doubted.  Whether it operates as an exemption, at all, depends upon the character and degree of infirmity, and whether as a temporary or a permanent exemption, is an inquiry of the same character, resting in judgment and opinion.  It cannot then be admitted, that bodily infirmity, without reference to its particular degree, or character for

*Margin note:* FRANKLIN, *January,* 1838.

Darling
v.
Bowen.

permanency, constitutes, of course, and in all cases, an ab-
solute exemption from the exercise of military authority.
What is to be its effect, in any given case, is a question for
the exercise of discretion and judgment, and which must
necessarily be left, like all questions of a similar character, to
the adjudication of some tribunal, whose decision is conclu-
sive, and which cannot be made accountable, in a civil ac-
tion, for errors in the exercise of its judgment.

By the act relating to the militia, the officer is required to
enrol all able bodied citizens of a certain age, with certain
exceptions enumerated in the second section of the act,
(which exceptions have no reference to the physical ability)
and, by the 8th section, a provision is made, by which a citi-
zen may be disenrolled upon the certificate of a surgeon,
but even in this case, the certificate must be " to the accep-
tance" of the officer.   It is clear from these provisions, that
mere physical infirmity was not intended by the Legisla-
ture to operate as an exemption from enrolment and military
jurisdiction, but this subject was left to the sound judgment
and discretion of the officer, to be exercised in the manner,
and subject to the restrictions, provided by the act.

It is insisted, however, that the term, " able-bodied" quali-
fies the power of the officer over this subject.   It may be
difficult to define the precise import of this term, as here
used.   That it does not imply an absolute freedom from all
physical ailment, we think evident.   We think it imports an
absence of those palpable and visible defects, which evident-
ly incapacitate the person for performing the ordinary duties
of a soldier.   But even of this the officer must, from the
necessity of the case, judge in the first instance, and if he
misjudge, the error is to be corrected, not by action of tres-
pass, but in the manner pointed out by the statute.

The infirmity, set forth in the replication, does not appear
to be an absolute disability ; and, if it did, it is not alleged
to have existed at the time of the plaintiff's enrolment.   If it
were a supervenient disability, which may be assumed consis-
tently with the plea, then the plaintiff was a proper subject
of disenrolment, under the 8th section of the act.

The replication is, therefore, bad in two points of view.
In the first place, the officer was the proper judge of the
ability of the plaintiff, and in the second, the disability not

being alleged, as existing at the time of enrolment, the plea does not show a want of jurisdiction in the officer. It is not to be questioned, that the officer acted, in imposing the fine, in a judicial capacity, and cannot be made a trespasser for error in judgment.

Had the plaintiff come within any of the exceptions of the second section, the case would have been different.

An exception is taken to the defendant's first plea, that it does not set forth the preliminary steps, the warning, &c., which the law requires as preparatory to the amercement.

Had the captain been made defendant in this action, this might, perhaps, have been necessary to his justification. But the defendant is protected by his precept, and if that be regular, he is not responsible for irregularity in the previous proceeding.

The first plea being sufficient, it becomes unnecessary to examine the second.

Judgment of the County Court is affirmed.