GRAND ISLE,
*January,*
1843.

Brown
*v.*
Wadsworth
& White.

---

### DANIEL M. BROWN *v.* HORACE WADSWORTH and WILLIAM W. WHITE.

The judgements of courts martial are conclusive, like those of any other courts, unless some defect in regard to their jurisdiction is shown.

TRESPASS for a cow. The defendants pleaded, severally, each, the general issue. They also pleaded, severally, two pleas in bar.

The defendant, Wadsworth, in his pleas in bar, alleged in substance, that the plaintiff, having been enrolled in the 1st company, 10th regiment, 1st brigade, and 2d division of the militia of this state, was, in May 1839, duly warned to appear in said company, armed and equipped, on the 4th day of June then next, and that he did not appear in obedience to said warning; that, on the 9th of July following, the commander of said company issued a notification to the plaintiff that he was amerced in a fine for said non-attendance, and commanded one Henry White, a sergeant of said company, to serve the same on the plaintiff, and to summon him to appear before a court martial of said regiment to be holden on the 25th of said July, to show cause why judgment should not be rendered against him, and execution

GRAND ISLE,
January,
1843.

Brown
v.
Wadsworth
& White.

issued thereon, which was served on the plaintiff on the 12th of the same month, *by reading said notification in his hearing*; that said court martial was holden on said 25th of July, when the said captain reported the plaintiff as delinquent, as aforesaid, and said court thereupon amerced him in a fine; that the defendant, Wadsworth, was senior field officer of said regiment, and, as such, issued execution against the plaintiff for said fine and the cost, and delivered the same to the defendant, White, then quartermaster of said regiment, who levied the same on the plaintiff's cow, which was the alleged trespass complained of.

The pleas in bar of the defendant, White, contained the same allegations as those set forth in the pleas of Wadsworth, and justified the taking, under the process from Wadsworth, as in his pleas set forth.

To these pleas in bar the plaintiff replied that he was not furnished, or served with, a copy of any charges or specifications upon which he was tried before said court-martial, ten days before said trial, or at any other time.

To this the defendants severally rejoined, alleging that the plaintiff appeared by his attorney before said court martial, and had his day in court, and might and should have availed himself of the matter set up in his said reply, &c.

There was thereupon a demurrer, and joinder in demurrer.

The county court, *pro forma*, rendered judgment for the defendants. The plaintiff excepted.

*H. Adams*, for the plaintiff.

The plaintiff contends that a regimental court martial, constituted by the act, regulating and governing the militia of this state, approved November 1, 1837, is a court of special and limited jurisdiction, deriving all its authority from statute. If such court, therefore, exceed the authority given it by law, its acts and proceedings are *absolutely null and void*, and *all concerned therein are trespassers. Hendrick and wife* v. *Cleaveland*, 2 Vt. R. 329. The same doctrine is also recognized in *Walbridge* v. *Hall*, 3 Vt. R. 114, and *Wise* v. *Withers*, 1 Cond. Rep. 552. The 24th article chap. 9, in sec. 1, of said act—Rev. Stat. 573—declares that every non-commissioned officer, musician or private, to be

GRAND ISLE, tried by a court martial, shall be furnished with a copy of the
January,
1843.    charges and specifications, upon which he is to be tried, at
———— least ten days before his trial is commenced and the plead-
Brown
v.      ings here plainly show that this was not done.  See N. Y.
Wadsworth
& White.  Dig. p. 524, Martial Law, Courts Martial ; and p. 524, Nos.
14 and 15, Militia Law.

W. W. White, for defendants.

1. The 4th sect. of chap. 11th of the act " regulating
and governing the militia," passed in 1837, in which is
pointed out the mode of proceeding in the collection of fines
for non-appearance and for not being furnished with arms
and equipments (see 19th & 20th art. chap. 9, act of 1837)
at any company training, does not require that the individ-
ual amerced should be furnished with a copy of charges or
specifications ten days before the regimental court martial
shall assemble, but, on the contrary, that the " notification
' shall be served by being read in the hearing of such de-
' linquent or by leaving a true and attested copy thereof at
' his last and usual place of abode," and no other notice
whatever is required.  Rev. Stat. 579–80, 4th sect.  The
24th art. (chap. 9th) has reference, particularly, to brigade
courts martial.

The irregularity of the service of the notification, or an
omission on the part of the officer to furnish a copy of
charges or specification ten days before the sitting of the regi-
mental court martial, if such was required, does not render
their judgment or proceedings void.  The principle is well
settled in this state, that a judgment of a court of compe-
tent jurisdiction is conclusive until reversed, annulled, or,
in some manner set aside, and that it cannot be attacked,
collaterally, by evidence tending to show that it was irregu-
larly or improperly obtained.  A judgment cannot be collat-
erally impeached.  Moore v. Allen & Bateman, 1 D. Chip.
R. 382 ; Hoxie v. Wright, 2 Vt. R. 268 ; Smith v. Rice,
11 Mass. ; Walbridge v. Hall, 3 Vt. R. 114 ; Evarts v.
Gove, 10 Vt. R. 161 ; 2 Aik. R. 251 ; 7 Term R. 265 ; 2
Dallas' R. 302 ; 2 Wilson, 385 ; Arch. C. Plead. 219 ; 1
Stark Ev. 212, 222 ; 13 Johns. R. 521, 8 do. 157.

The proceedings in this case are not even voidable, inas-
much as there was an appearance, and a neglect, upon the

part of Brown to plead such matter in abatement, or to avail himself of the same in his defence. It must, therefore, be considered as *waived* and cannot be assigned for error. *Kellogg, ex-parte,* 6 Vt. 519.

2. The execution, under which White justifies, being good upon its face, is a sufficient justification to him, and he was not bound to look beyond his precept to see whether there was any irregularity in the previous proceedings, before executing it. *Darling* v. *Brown,* 10 Vt. R. 148; *Gage* v. *Barns,* 11 Vt. R. 195; *Hill* v. *Wait,* 5 Vt. R. 127. Trespass will not lie against the commandant who acted in a a judicial capacity, and not ministerially.

GRAND ISLE,
*January,*
1843.

Brown
*v.*
Wadsworth
& White.

The opinion of the court was delivered by

REDFIELD, J.—The only question to be determined in this case is, whether the proceedings of the court martial can be avoided, for the insufficiency of the notice to the plaintiff. In regard to these summary and special jurisdictions, it has long been settled, that any matter, which goes to show a want of jurisdiction, either of the subject-matter adjudicated, or of the person of the alleged delinquent, may be shown, to avoid the effect of their judgments.

But where they have, as in the present case, jurisdiction, both of the subject-matter, and of the person of the party, the effect of their adjudication cannot be avoided, by any circumstantial irregularity in the detail of the proceedings, either before, or at the time of trial. As Lord Ellenborough said, in the case of *Tarleton* v. *Tarleton,* 4 M. & S. 21, in regard to a foreign judgment, " The trial in this action is not in the nature of a writ of error upon the proceedings " in the court martial. Their jurisdiction being fully shown, the plaintiff is bound by the amercement. *Darling* v. *Brown,* 10 Vt. 148. Case in Washinton county, July term, 1839, not yet reported.

Judgment affirmed.