I dissent. There is no competent evidence of the deceased having suffered a hernia compensable under C. S., sec. 6235.
Provisions similar in effect to those of C. S., sec. 6235, have been statutorily adopted in twelve states ("Workmen's Compensation Acts in the United States," Research Report No. 61 of the National Industrial Conference Board, pp. 229-231), and have been made a rule of evidence by the commissions of at least four or five states and in Switzerland. These provisions are a direct legislative adoption of the view of medical scientists that a hernia is ordinarily a disease, and that a hernia directly due to accident, and not in any degree pre-existing, and appearing suddenly and immediately as such, is extremely exceptional, and that to establish it as such the proof must be by facts required by C. S., sec. 6235. (Poccardi v. Public Service Commission, 75 W. Va. 542, *Page 736 84 S.E. 242, L.R.A. 1916A, 299; 1 Honnold on Workmen's Compensation, p. 503.)
Excerpts from medical authorities so firmly fixing as conditions of a sudden hernia, not pre-existent to any degree, symptoms of pain, nausea, weakness or inability to work, as well as others, together with the necessity of sudden and immediate appearance, all so foreign to, and of all of which the proof here is so lacking, are found in abundance in aresume thereof set forth by J.M. Wainwright, M. A., M. D., reprinted from the Archives of Surgery, March, 1923, vol. 6, pp. 605-637, and published by the Amercian Medical Association, upon "The Relation Between Oblique Inguinal Hernia and Workmen's Compensation Laws."
The statement in the opinion quoted from the Encyclopedia Britannica, that "Sometimes there is complete absence of pain and tenderness in the hernia itself," was not there used as a statement of symptoms of a suddenly produced and theretofore nonexistent hernia. The statement was used in setting forth the symptoms of a strangulated hernia, and not with relation to the sudden appearance of such a hernia. "The causing of a hernia and the strangulation thereof are seldom incident to the same accident." (Kiernan v. Turlock Irr. Dist., 2 Cal. Ind. Acc. Com. 301.) Solé (J. de Méd. de Paris 16:27, 1904), says: "The protrusion of a hernia is not the same thing as its formation. It is simply the last phase of its development." He strongly insists that, in sudden hernia, pain must be "not vague, slight and moderate, but violent, like that produced by the blow of a whip, a pain which it is impossible to conceal and which can lead to syncope. Pain persists several days and the part remains tender."
The opinion indulges in an "inference" that the hernia appeared suddenly and immediately. The best answer to this and to the claim herein is by Dr. Wainwright. In his treatise above referred to (pp. 23, 24) he says:
"Now, for a part of the abdominal contents to be forced through the ring for the first time, tight muscle must be stretched, more probably torn, fascial and aponeurotic structures *Page 737 
must be torn, and the force to do this must be enormous. The tearing and stretching must cause immediate, very intense and prolonged pain. There must always be decided shock or collapse. The resumption of work cannot be thought of. The man doesn't need to tell his companions that something has happened. They can see it and have to carry him away. A physician is demanded post haste. Such a picture, and such a picture only, can accompany the incident when a viscus is driven for the first time through the internal abdominal ring, preformed sac or no sac. Such a case is, of course, compensable."
That a traumatic hernia is extremely exceptional must be conceded. When a hernia so exceptional is claimed, but is not accompanied by any of the violent symptoms well established, some of which are sure to accompany such a case, it cannot be established by "inference" from symptoms pointing to the precipitation of a pre-existing hernia, and lacking any of the symptoms indicated by medical science and demanded by C. S., sec. 6235.
The opinion characterizes the evidence as an "ample showing that the hernia appeared within the time required by the statute, reasonably construed, and did not exist in any degree prior to the injury." The statute cannot be said to be "reasonably construed" to permit of holding proof sufficient of the sudden and immediate appearance of the hernia which was not sudden and immediate within the tests of medical science, or accompanied by symptoms, wholly lacking here, the presence of which is demanded to establish such sudden and immediate appearance.
The opinion obscures the fact that even the first findings of the individual member of the board, although the basis of the first award, found that it had "not been proven that the hernia appeared suddenly and immediately following any injury," and that it "did not appear until the seventh day of May," and it was thereby "further expressly found that it has not been proven that the said hernia did not exist in some degree prior to the time the deceased worked on said 'Fish Hatchery Road.' " Upon a review, the same finding *Page 738 
was affirmed by the board, and even the first findings of the district court were the same. So we have every member of the board, and once the district court, finding the foregoing failure of proof under C. S., sec. 6235.
One cannot read the accumulation of the opinions of leading medical scientists without concluding that the evidence was not only insufficient to establish, within the intent of C. S., sec. 6235, that the hernia appeared suddenly and immediately following the injury, and did not exist in any degree prior to the injury, but that it wholly and completely established the contrary thereof, that it did not appear suddenly and immediately in the view of the meaning of those words as related to the symptoms which prompted their use. All of the proof presented symptoms which the great weight of medical science ascribes to the final disclosure of a pre-existing hernia.
The board was not bound to accept the conclusions of witnesses (Dow's Case, 231 Mass. 348, 121 N.E. 19), and could reject the opinions of the doctors, if they saw fit from all the evidence so to do. (Jones v. City of Caldwell, 20 Idaho 5,116 P. 110, 48 L.R.A., N.S., 119.) The statements that the jarring and jolting undergone by claimant were adequate to produce a hernia were no proof that it did not exist before. The statement of a witness or witnesses that the deceased was an able-bodied man is not conclusive proof that he did not have a pre-existing hernia in some degree. (Darling v. Bowen, 10 Vt. 148
.) Medical scientists are agreed that an apparently able-bodied man, capable of performing his ordinary work, may have a pre-existing hernia which is only brought to light and even to his knowledge by some strain. (1 Legal Medicine and Toxicology, by Peterson, Haines and Webster, 2d ed., p. 380.)
The district court or this court has no power to review the evidence before the board, except as a matter of law. The correctness of the findings of fact cannot be questioned when there has been presented to the board evidence to support them. (Smith v. Industrial Acc. Com., 26 Cal.App. 560,147 Pac. 600.) As said by the supreme court of Colorado *Page 739 
in McPhee McGinnity Co. v. Industrial Commission,67 Colo. 86, 185 P. 268, —
"The Legislature has seen fit, in our Workmen's Compensation Act, to make hernia the subject of the special pro visions and exceptions hereinbefore set out. This court must give some effect to those exceptions. . . . . In fact, if the contentions of the defendant in error be upheld, it is only necessary, in case of such a claim, to produce evidence from which a reasonable inference may be drawn that the hernia appeared 'in the course of the employment.' It is impossible for this court to so nullify these exceptions, or read them out of the statute."