(No. 11598.—Judgment affirmed.)

THE CHICAGO PACKING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.*—(GUSTAV WILHAN *et al.* Defendants in Error.)

*Opinion filed February 20, 1918.*

1. WORKMEN'S COMPENSATION—*when the question of jurisdiction is waived.* An employer who enters into an agreement before the arbitrator that both employer and employee were under the Workmen's Compensation act, and who does not thereafter raise the question either before the arbitrator or the Industrial Board, waives the right to raise any question of jurisdiction before the Supreme Court.

2. SAME—*when finding by the Industrial Board will be upheld.* Where no one witnessed an accident resulting in an errand boy's death by being struck by a passing train while he was carrying a message on the route customarily traveled, and where the evidence as to whether or not a boy who was seen to climb on the train was the decedent is conflicting, the decision of the Industrial Board finding that the accident arose in the course of the employment and awarding compensation will be upheld.

3. SAME—*what evidence as to how accident occurred is not admissible.* Where no one witnessed an accident resulting in an employee's death, the testimony of an interne at the hospital to which the injured employee was taken, as to what the employee told him about the accident, is not admissible.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

WILLIAM J. WELDON, and CHARLES A. SCOTT, for plaintiff in error.

SAMUEL F. KOGEN, and HARRY O. ROSENBERG, (A. R. MILLER, of counsel,) for defendants in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

The Industrial Board of Illinois awarded to Gustav Wilhan and Karolina Wilhan, defendants in error, the sum of $1650, payable in installments for a period of 416 weeks,

282 – 32

against the Chicago Packing Company, plaintiff in error, as compensation for the death of Herman Wilhan, and $129 for medical and hospital bills. This award was confirmed by the circuit court of Cook county, and the cause has been certified as one proper to be reviewed by this court.

Herman Wilhan, who was sixteen years of age, was employed by plaintiff in error as an errand boy. One of the contentions made by plaintiff in error is that deceased was not engaged in an extra-hazardous occupation. Before the arbitrator counsel for both sides agreed that both plaintiff in error and deceased were working under the Workmen's Compensation act, and that the only question in dispute was whether the accident arose out of and during the course of the employment. The question now sought to be raised was not urged before the Industrial Board on review or before the circuit court. By entering into this agreement and not thereafter raising the question either before the arbitrator or the Industrial Board on review the plaintiff in error waived the right to raise any question of jurisdiction. *American Milling Co.* v. *Industrial Board,* 279 Ill. 560.

The only other contention urged is that the accident did not arise out of and during the course of the employment. This is a question of fact, and if there was any evidence offered before the arbitrator fairly tending to prove that the accident arose out of and during the course of the employment the judgment of the circuit court must be affirmed.

The accident which resulted in the death of Herman Wilhan occurred on January 12, 1916. On the afternoon of that day he was sent from the plant of the Chicago Packing Company upon an errand to the Exchange building, both of which are situated in the stock yards district in the city of Chicago. In going to the Exchange building Wilhan walked along Racine avenue, which runs north and south through the stock yards. At the place of the accident there are four railroad tracks running parallel with and on the east of Racine avenue. West of the tracks is a roadway

thirty-six feet in width. The two middle tracks are designated as running tracks, and the tracks on each side are used for switching purposes. There is no sidewalk along the roadway west of the tracks, and trucks and wagons were almost constantly backed up to the west switching track for the purpose of loading and unloading cars. The proof discloses that it was customary in traveling from the plant of the Chicago Packing Company to the Exchange building for pedestrians to walk along Racine avenue between the two running tracks of the railroad. No one saw the accident. The day is described as wet and cold and the ground as very slippery. At the time of the accident a train of the Grand Trunk railway system, consisting of an engine and thirty-four cars, was running north on the east running track at a low rate of speed. A switchman rode on the front of the engine to adjust switches as the train proceeded. When the rear of the train reached a point near Forty-third street, which crosses Racine avenue, the conductor, who was standing on the rear platform of the caboose, saw Wilhan lying between the two running tracks. The train was stopped and it was found that the boy's right arm had been crushed, apparently by being run over by the cars. He was taken to a hospital and the arm amputated at the shoulder. A week later he died.

It is contended by plaintiff in error that the only testimony offered before the arbitrator as to how the accident occurred was that of an interne in the hospital, who testified to what the boy told him, and that this testimony was incompetent. This testimony was incompetent and should not have been admitted. (*Chicago and Alton Railroad Co. v. Industrial Board,* 274 Ill. 336.) This was not the only testimony offered on that subject. It was proven that the boy was sent to the Exchange building to deliver some checks there for the plaintiff in error and that at the time of the accident he was traveling along the route customarily traveled. This evidence was offered to show that the ac-

cident arose out of and during the course of the employment. The theory of plaintiff in error was that the boy had climbed up on top of the train which was passing and had been brushed off by the viaduct at Forty-third street near the point where he was found. The testimony offered to support this theory was, that the fireman on the train looked back as he was crossing Forty-third street and saw a boy standing there wearing a dark-blue suit and a dark cap, and that when about the fourth or fifth. car from the engine was passing over the crossing the boy started to climb up the side of the car, and that after the train had run about two blocks further it was stopped by the application of the air-brakes from the rear of the train. The switchman who rode on the front of the engine testified that he did not see anybody struck by the locomotive, but that when the train stopped after the accident he walked back on the ground to the rear of the train and back to the engine on top of the train, and that on the fourth car from the engine he found a blue cap. The cap found on the car was produced at the hearing, and a number of witnesses testified that it was not Wilhan's cap. Wilhan wore a dark-blue suit but was not otherwise identified as the boy seen climbing up on the car. The attending physician testified that Wilhan's body contained no bruises or evidence of any kind that it had fallen any distance. Other employees of plaintiff in error testified that the boy was very careful in his habits. As to whether Wilhan was the boy seen climbing up the side of one of the cars of the train was a controverted question of fact which is conclusively settled by the decision of the Industrial Board. The evidence fairly tended to show that the accident which resulted in Wilhan's death arose out of and in the course of his employment.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*