(July 2, 1924.)

CIRIACA YBAIBARRIAGA, Respondent, v. JAMES FARMER and THE MARYLAND CASUALTY CO., Appellants.

[228 Pac. 227.]

WORKMEN'S COMPENSATION LAW — CONSTRUCTION — INDUSTRIAL ACCIDENT BOARD—EVIDENCE—APPEAL TO DISTRICT COURT—POWER OF DISTRICT COURT TO ENTER JUDGMENT—SCOPE OF REVIEW—NO COMPETENT EVIDENCE OF DEPENDENCY.

1. In reviewing hearings before the industrial accident board upon the question as to whether the evidence submitted sustains the findings of the board, the courts will consider the competency, relevancy and materiality of the evidence according to the rules applicable to trials in courts.

2. The findings of fact of the industrial accident board, when supported by competent evidence, are conclusive on appeal to the district court or to this court, the jurisdiction of said courts being limited to a review of questions of law.

3. Under C. S., sec. 6270, upon appeal from the industrial accident board to the district court, the application of the law to undisputed facts raises a question of law.

4. C. S., sec. 6271 (as amended, Sess. Laws 1921, p. 479), applies only in cases where no appeal has been taken from decisions of the industrial accident board, and is only intended to

confer power on the district court to enforce an award of said board where the aggrieved party has failed to avail himself of the right of appeal as provided in other sections of the act.

5. Under the provisions of the Workmen's Compensation Act as amended the district court has power on appeal and review of an award of the industrial accident board to enter an independent judgment.

6. *Held,* that no dependency of claimant herein upon deceased was shown by the evidence before the industrial accident board, and that the findings and judgment of the district court are unsupported by the evidence.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Judgment reversing award of industrial accident board in favor of claimant, from which defendants appeal. Judgment of district court *reversed.*

Chas. M. Kahn, for Appellants.

The findings of fact of industrial accident board or commission are final and conclusive. (C. S., sec. 6270; *Pruitt v. Industrial Acc. Com.,* 189 Cal. 459, 209 Pac. 31; *Staley-Patrick Drill Co. v. State Industrial Com.,* 88 Okl. 26, 212 Pac. 1006; *Superior Smokeless Coal & Mining Co. v. Hise,* 89 Okl. 40, 213 Pac. 837; *Ellerman v. Industrial Co.,* 73 Colo. 20, 213 Pac. 120; *Milford Copper Co. v. Industrial Com.,* 61 Utah, 37, 210 Pac. 993; *Kraft v. West Hotel Co.,* 193 Iowa, 1288, 188 N. W. 870; *Lewis v. Industrial Com.,* 178 Wis. 449, 190 N. W. 101; *League v. Weidely Motors Co.* (Ind.) 135 N. E. 265; *Case of Ballou,* 121 Me. 282, 116 Atl. 591; *Pope Mining Co. v. Brown,* 194 Ky. 714, 240 S. W. 755; *Walker v. Industrial Acc. Com.,* 177 Cal. 737, 171 Pac. 954; *Standard Lumber Co. v. Industrial Acc. Com.,* 60 Cal. App. 331, 212 Pac. 720; *McNeil v. Panhandle Lumber Co.,* 34 Ida. 773, 203 Pac. 1068; *Rhyner v. Hueber Bldg. Co.,* 171 App. Div. 56, 156 N. Y. Supp. 904.)

*In re* power of district court to enter money judgment. (*Otis Elevator Co. v. Industrial Com.,* 288 Ill. 396, 123

N. E. 600; *Industrial Com. v. Gen. Acc. Fire & Life Ins. Corp.*, 71 Colo. 115, 204 Pac. 338; *California Casualty & Indemnity Exchange v. Industrial Com.*, 190 Cal. 433, 213 Pac. 257; *Baum v. Industrial Com.*, 288 Ill. 516, 6 A. L. R. 1242, 123 N. E. 625; *Rosenthal v. Industrial Com.*, 290 Ill. 323, 125 N. E. 250; *E. Baggot Co. v. Industrial Com.*, 290 Ill. 530, 7 A. L. R. 1611, 125 N. E. 254; *McGarry v. Industrial Com.*, 290 Ill. 577, 125 N. E. 318; *Juergens Bros. Co. v. Industrial Com.*, 290 Ill. 420, 125 N. E. 337; *Tribune v. Industrial Com.*, 290 Ill. 402, 125 N. E. 351.)

What constitutes dependency. (C. S., sec. 6224; *Driscol v. Jewel Belting Co.*, 96 Conn. 295, 114 Atl. 109; *Sweet v. Sherwood Ice Co.*, 40 R. I. 203, 100 Atl. 316; *Western Indemnity Co. v. Industrial Com.*, 176 Cal. 776, 169 Pac. 663; *Garcia v. Industrial Com.*, 171 Cal. 57, 151 Pac. 741; *American Fuel Co. v. Industrial Com.*, 60 Utah, 131, 206 Pac. 786; *Globe Grain & Milling Co. v. Industrial Com.*, 57 Utah, 192, 193 Pac. 642; *Hancock v. Industrial Com.*, 58 Utah, 192, 198 Pac. 169; Honnold on Workingmen's Compensation, pp. 225–227; *Pifumer v. Rheinstein & Haas*, 187 App. Div. 821, 175 N. Y. Supp. 848; *Di Ionna v. Terry & Tench Co.*, 203 App. Div. 270, 197 N. Y. Supp. 131.)

E. M. Wolfe and J. F. Martin, for Respondent.

Partial dependency may exist though the contributions made by the workman were at irregular intervals and irregular amounts and though the dependents have other means of existence. (*Hotel Bond Co.'s Appeal*, 89 Conn. 143, 93 Atl. 245; *Dazy v. Apponang*, 36 R. I. 81, 89 Atl. 160; *Temescal Rock Co. v. Industrial Acc. Com.*, 180 Cal. 637, 13 A. L. R. 683, and notes, 182 Pac. 447; *Parson v. Murphey*, 101 Neb. 542, 163 N. W. 847, L. R. A. 1918F, 479.)

The award of the board stands upon the same basis as a judgment of the district court and if there is substantial evidence to sustain it, it will be sustained, otherwise it will be reversed. (*McNeil v. Panhandle Lumber Co.*, 34 Ida. 773, 203 Pac. 1068.)

There is not substantial evidence to sustain the award of the board. This court is a reviewing court, and if the award be not sustained by competent evidence it is an error in law and will be reversed. (*Branham v. Carter Oil Co.,* 87 Okl. 80, 209 Pac. 400; *Spencer v. John,* 33 Ida. 717, 197 Pac. 827.)

Under the provisions of C. S., sec. 6272A, as well as sec. 6270A, it was contemplated that the district court should enter final judgment. (*McNeil v. Panhandle Lumber Co., supra.*)

ENSIGN, District Judge.—This is an appeal from the judgment of the district court of the eleventh judicial district in and for Twin Falls county, setting aside an award of the industrial accident board. The facts of record are as follows:

Ygnacio Bilbao, a Basque sheep herder, twenty-one years of age and employed by James Farmer, was shot in the head by one Carver on March 27, 1920, and died on March 30, 1920. The claimant, Ciriaca Ybaibarriaga, alleges that she is the mother of the deceased, by adoption. On or about December 10, 1920, claimant made application to the said industrial accident board for compensation, under the Workmen's Compensation Act of the state of Idaho, and after hearings on the matter said industrial accident board on January 25, 1922, made its findings of fact, rulings of law and award, in which it held that deceased was killed in the course of his employment, and that claimant was not dependent upon her adopted son, Ygnacio Bilbao, at the time of his injury, and made an award denying claimant any compensation, and ordered the Maryland Casualty Company, the insurer of said employee, to pay to the treasurer of the state of Idaho the sum of $1,000 in accordance with subdivision 7 of C. S., sec. 6223.

Thereafter on February 23, 1922, claimant appealed to said district court for Twin Falls county, the county in which the injury occurred, from the findings, rulings and award of said industrial accident board. The matter thereafter came on for hearing before said court, sitting without

a jury, and on September 22, 1922, the court rendered a judgment setting aside the award of said industrial board in which judgment it was held that claimant, at the time of the accident, was actually dependent upon the deceased for her partial support; that she was entitled to compensation therefor; and that the surety, Maryland Casualty Company, should pay the sum of $2,400 as follows: $1,200 to the treasurer of the state of Idaho, and the remaining $1,200 to claimant.

Upon this appeal a stipulation waiving an undertaking was entered into between respective counsel on behalf of the parties.

The following specifications of error are made by appellant:

1. The court erred in entering judgment in favor of the claimant and against defendants herein.

2. The court erred in making its findings of fact and conclusions of law.

3. The court was without power or authority to make and enter findings of fact and conclusions of law and awarding judgment in favor of claimant.

4. The court erred in entering a money judgment in favor of the claimant and against defendants.

5. The court was without jurisdiction or authority to enter a money judgment in favor of claimant and against defendants.

6. That the findings of fact, conclusions of law and judgment of the court are contrary to law.

7. That the court was without power, authority or jurisdiction to make findings of fact.

8. That there was no evidence or testimony to justify finding of fact No. 4, and that said finding of fact is not supported by any evidence and is contrary to law.

9. That the court was without power or authority to make finding of fact No. 5, and said finding of fact is not supported by any evidence and is contrary to law.

10. That no dependency of claimant has been shown.

11. That the court was without power, authority or jurisdiction to set aside the findings of fact of the industrial accident board.

12. That the findings of fact of the industrial accident board are final and conclusive.

13. That the matter of dependency is a question of fact to be determined by the industrial accident board, and its findings thereunder are final and conclusive.

14. There is no evidence to support the findings of fact, conclusions of law and judgment, and said findings, conclusions and judgment are not supported by the evidence and are contrary to the evidence.

In his brief, and for the purposes of discussion, counsel for appellant has conveniently grouped the foregoing specifications of error under three separate headings, to wit.

1. Scope of jurisdiction of district court on appeal.

2. Has the district court jurisdiction to make findings and enter money judgments?

3. What constitutes dependency?

We shall follow the suggestion thus made and discuss briefly the specifications under the three headings indicated.

Under the first heading of appellants' brief it is their contention that the findings of fact of the industrial accident board, in the absence of fraud, are final and conclusive; that said board is the sole judge of the evidence and the competency thereof; that the jurisdiction of the district court in such matters is fixed by statute and limited to questions of law, and that said court is without power to disturb said findings. In support of this contention appellants cite the following provisions of the Idaho Compiled Statutes as follows:

"Section 6270. *Appeals from the Board.* An award of the board in the absence of fraud, shall be final and conclusive between the parties except as provided in section 6269, unless within 30 days after a copy has been sent to the parties, either party appeals to the district court. On such appeal the jurisdiction of said court shall be limited to a review of questions of law."

In further support of this contention appellants cite a large number of authorities from other states, most of which are from California, Oklahoma, Utah and Colorado, in which the general rule appears to be that the findings of the industrial commissions or boards are final and conclusive on questions of fact and that the jurisdiction of the courts on review is limited to questions of law. Many of the authorities cited, however, also hold that, although the findings of said commissions and boards are final and conclusive, there must be substantial and competent evidence to support them, and a fair example of the authorities referred to may be found in the following:

"Ordinarily, in cases such as this, the reviewing court is bound by the decision of the triers of fact. The finding of the commission in such matters stands upon the same footing as the findings of the judge, or the verdict of a jury, and is not to be set aside if there is any substantial evidence upon which it can rest." (*Pruitt v. Industrial Acc. Com.,* 189 Cal. 459, 209 Pac. 31.)

"It is well settled that the findings of the commission upon questions of fact are conclusive where there is any substantial evidence to support the award." (*Western Indemnity Co. v. Industrial Acc. Com.,* 182 Cal. 709, 720, 190 Pac. 27 (32).)

While the workmen's compensation laws of various states, whose decisions we have examined, differ in many respects from the Idaho law, and many tend in some instances to confine within somewhat narrower limits, by more specific definition of their jurisdiction, the authority of the courts in reviewing awards of industrial commissions and boards, the foregoing quotations appear to state clearly the general rule. Among many authorities examined we suggest the following as a further exemplification thereof:

"This court has repeatedly held that the facts as found by the commission are binding upon this court in an action to review an award of the commission. (Citing authorities.) The only exception to this rule is that, where the findings of the state industrial commission are without any evidence

to sustain them and its award made pursuant thereto, such findings and award are reviewable as a matter of law. However, this court is vested with power to determine whether the facts found by the commission constitute a cause of recovery, and such determination is a question of law." (*Branham v. Carter Oil Co.*, 87 Okl. 80, 209 Pac. 400.)

"At the threshold of this inquiry we are confronted with the proposition that by the provisions of section 10 of the Workmen's Compensation Law the decision of the state industrial commission is made final as to all questions of fact; (citing authorities) but we conclude that, although the decision of the commission is final on questions of fact, it can only be so when there is some evidence to support such finding, and where such finding and decision are absolutely unsupported by the evidence they may be reviewed as a matter of law." (Citing authorities.) (*Associated Employers' Reciprocal v. State Industrial Commission*, 83 Okl. 73, 200 Pac. 862.)

"The well-settled rule that forbids this court to reverse a trial court in cases where the evidence is conflicting but sufficient to sustain a decision applies to the findings of fact made by the industrial accident board in cases of this kind, and is applicable likewise to the district court in reviewing the decisions of said board, the jurisdiction of said courts in such cases being limited to a review of questions of law. . . . . The findings of fact of the industrial accident board, when supported by competent evidence, are conclusive on appeal to the district court or to this court, the jurisdiction of said courts being limited to a review of questions of law.

"In reviewing hearings before the industrial accident board upon the question as to whether the evidence submitted sustains the findings of the board, the courts will consider the competency, relevancy and materiality of the evidence according to the rules applicable to trials in courts." (*McNeil v. Panhandle Lumber Co.*, 34 Ida. 773, 203 Pac. 1068; last two paragraphs taken from syllabus.)

In *Taylor v. Blackwell Lumber Co.*, 37 Ida. 707, 218 Pac. 356, this court held "in view of the conflict of evidence,

and the fact that there is substantial evidence to sustain the findings of the board, this court will not disturb them.''

While many of the authorities cited by counsel concern cases in which a conflict of evidence was under consideration, in the case at bar there is no conflict or dispute as to the evidence. This court, in a matter involving the jurisdiction of the district court in this class of cases, held as follows:

''It is conceded that under C. S., sec. 6270, the district court is limited to a review of questions of law. The application of the law to undisputed facts raises a question of law, not of fact. In this case there was no conflict in the evidence before the board. The question was therefore one of law.'' (*Johnston v. White Lumber Co.,* 37 Ida. 617, 217 Pac. 979, 981.)

In view of the rule adopted in the foregoing decisions, we think the situation, in so far as a construction of the Idaho Law is concerned, may be stated as follows: It is the duty of the industrial accident board to find and determine the facts which the district court on review of an award may not disturb and must accept as final, provided such findings are supported by competent or substantial evidence, and it is within the power of the court to review any legal conclusion found by the board upon the evidence, and in doing so it may consider the evidence adduced before said board, its competency, relevancy and materiality, to determine whether or not such evidence sustains the findings of the board, or whether or not said board has made a proper application of the law to the evidence. In cases where the evidence is conflicting, the findings of the board are binding upon the court and cannot be disturbed by it, provided there is competent evidence to support them. There must be some competent evidence to support the findings and decision, and if such findings and decision of the board are clearly unsupported as a matter of law it will be within the province of the court to set aside said findings and decision and render judgment accordingly. In cases where the evidence is not conflicting and not in dispute, as in the

case at bar, the application of the law to such undisputed evidence raises a question of law, not of fact.

Under the second heading of appellants' brief it is their contention that the district court was without authority to enter a money judgment; or to make findings relating to dependency, degree of dependency, wages and compensation; that its jurisdiction is limited to setting aside the award or an affirmation thereof, and if set aside, that the matter must be remanded to the industrial board with directions to proceed in accordance with the court's opinion; that the only provision in the law authorizing the court to enter a judgment against the employer, or his carrying insurer, is to be found in C. S., sec. 6271, as amended by Sess. Laws 1921, at pages 479 and 480. Under the foregoing section, as amended, it is further contended that the jurisdiction of the district court is limited to entering a judgment only in cases where there is no appeal, and that it further limits the said district court to entering a judgment only upon, and in accordance with, a decision of the board awarding compensation.

With these contentions we are not entirely in accord, but will first call attention to the amended law referred to which reads as follows:

C. S., sec. 6271 (as amended): "Any party in interest may file in the district court for the county in which the injury occurred, if such injury occurred within the state, otherwise in the district court of the county where the employer .... resides, a certified copy of a decision of the board awarding compensation from which no appeal has been taken within the time allowed therefor, or a certified copy of a .... memorandum of agreement, approved by the board, whereupon said court shall, without notice, render a decree or judgment in accordance therewith, and notify the parties thereof. Such decree or judgment shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though said decree or judgment had been rendered in a suit duly heard and determined by said court, and shall with like effect be entered and docketed,

except that there shall be no appeal therefrom, and the same shall not constitute a lien upon the real property of the employer unless execution be levied thereon.''

It is clear to our minds that the section above quoted has only to do with one phase of the workmen's compensation law. It will be observed from a reading thereof, and in connection with other provisions of the law relating to appeals from the board to the district court, that it applies only in cases where no appeal has been taken, and is only intended to confer power on the district court to enforce an award of said board where the aggrieved party has failed to avail himself of the right of appeal as provided in other sections of the act. In other words, where no appeal has been taken as provided for in C. S., secs. 6270 and 6270A, Sess. Laws 1921, the district court, under the conditions imposed by said section 6271, above quoted, becomes the instrument by which the award of the board is made effective, and said provision has nothing whatever to do with appeals taken from the award under C. S., secs. 6270 and 6270A, Sess. Laws 1921, and is therefore not applicable to the question under consideration.

As a further indication of the purpose of the law in this respect C. S., sec. 6273, provides in part as follows:

'' . . . . The decisions of the board shall be enforcible by the district court under the provisions of sec. 6271. There shall be a right of appeal from decisions of the board to the district court as provided in section 6270, but in no case shall such an appeal, either under this section (6273) or under section 6270, operate as a *supersedeas* or stay unless the board or the district court shall so order.''

Under the above sections referred to appeals may be taken, either from a decision of the district court affirming an award of the board, wherein no appeal from the board to the district court was taken as provided in sec. 6271, *supra,* or from an award of the board to said district court.

Following sec. 6271, *supra,* sec. 6272, as amended, p. 480, Sess. Laws 1921, provides for the assessment of the entire costs of all proceedings under Workmen's Compensation

Act, either before the board or the court, upon any party prosecuting or defending the same, should such board or court determine such proceedings to be prosecuted or defended without reasonable grounds therefor. This section apparently has no special reference to any one proceeding under said act but includes such as are contemplated by C. S., secs. 6270 and 6271, as amended or added to by said session laws. In 1921 the legislature enacted a new section as an addition to C. S., sec. 6272, to be known as sec. 6272A, which reads as follows:

"Whenever any question involving compensation of an injured employee, or his dependents, is appealed to the district or supreme court by the employer and the appellate court finds in favor of the employee in an amount equal to or greater than the award of the board, then the employer shall pay interest on the whole amount of the judgment of the court at seven per cent per annum from the date of award by the board to date of payment but if the award of the board be reduced then the employer shall not be required to pay interest on any amount for any time prior to the date of final judgment of the court.

"If the employee, or his dependents, appeal from an award by the board and the final judgment of the court should be in excess of award of the board, then the employer shall pay interest at the rate of seven per cent per annum from date of award by the board on the amount of final judgment of the court until paid, but if the award of the board be sustained or decreased then the employer shall not be required to pay interest prior to the final judgment of the court."

We think from the above provisions quoted as read in connection with C. S., sec. 6270A, providing the mode of appeals from the board to the district court, that it was undoubtedly intended by the legislature that the district court should have power, on appeal and review of an award of the board, to enter an independent judgment. There is no provision in the act under consideration for remanding the matter to the board upon an adverse conclusion by the

court, and this court has heretofore held that the use of the words "final judgment of the court" in C. S., sec. 6272A, clearly shows that it was the intent of the legislature to confer power upon the court to enter judgment. In this case, there being no conflict in the evidence before the board, the question of dependency was therefore one of law and the court thus empowered to make its findings and render judgment as a matter of law. (*Johnston v. A. C. White Lumber Co., supra.*)

Under the third heading of appellants' brief it is their contention that no dependency of claimant was shown by the evidence before the board, and that the findings, conclusions and judgment of the district court are unsupported by the evidence and contrary thereto.

The evidence in this case as presented to the industrial accident board, and reviewed by the district court, consists of a sworn application to said board by Ciriaca Ybaibarriaga, the claimant, in which, among other things, she states that she bore the relation of mother by adoption to said Ygnacio Bilbao at the time of his injury and death on the 27th day of March, 1920, and the 30th day of March, 1920, respectively; that the deceased received his injury while in the course of his employment by one James Farmer, and that she was wholly dependent upon deceased for her support at the time of his death; that said application was made on behalf of herself and two sisters of deceased (her daughters), born in the years 1906 and 1908, respectively; that said daughters were also wholly dependent upon deceased; that claimant received contributions from deceased of $10 per week for herself and daughters, and that neither she nor they had any income other than received from deceased; that claimant and her daughters were residents of Arbacegui, Vizcaya, Spain and citizens of that country. Said application was sworn to before the United States consul at Bilbao, Spain, on December 10, 1920, and was accompanied by a certificate of the secretary of the municipal government of Arbacegui-Guerricaiz, and countersigned by the mayor thereof, to the effect that from 1917 to 1920 the said de-

ceased was exempted from the military service of Spain on the grounds that he was supporting claimant and her two daughters, both of whom were stated to be under age. It was further certified by said official that the three said dependents of deceased were residing in the municipality referred to, and had nothing for their own support. The signatures of the officials mentioned were certified to as genuine by one Carreno, a notary of the municipality, whose qualifications as one worthy of credit and as a notary of the municipality were vouched for by said United States consul over his own signature. In addition to the foregoing there was presented to the board a certificate of two Spanish bankers stating that on November 20, 1918, they paid to claimant the sum of 433 pesetas, the face value of check No. 68,722, issued in favor of claimant on October 4, 1918, by the Boise City National Bank of Boise, Idaho. Also a certificate of an agent of Guernica, Spain, that on January 14, 1918, he paid to claimant the sum of $100, the face value of a draft issued in favor of claimant by said bank.

As shown by the record before us the foregoing facts constitute all of the evidence presented to the industrial accident board, and to the district court upon review of the award. There being no conflict in the evidence presented the question to be determined is—whether or not, as a matter of law, there was competent evidence to support the conclusion of the district court that applicant was a dependent of deceased at the time of his injury and death.

In his brief counsel for appellant has called our attention to many authorities on the question of what constitutes dependency, which we have carefully considered, but will not take the time here to analyze. It is sufficient to say that, in our opinion, there was not competent evidence presented to the board to warrant a finding of dependency, and that therefore the award of the board should have been sustained by the district court. As heretofore stated, the evidence, so called, among other things, consists of an original application by claimant for compensation. This application in our opinion is not in itself evidence, even though made under oath. It would have no more weight as competent

evidence of the facts therein set forth than would a verified complaint or an answer in a civil action in the courts. It is at most a statement of applicant's claim and the ground upon which the claim is based, and does not in any sense partake of the nature of legal testimony, for such claim should be supported by competent evidence, either oral or in form of depositions. Then again the certificate, heretofore referred to, of the town official to the effect that deceased was exempted from the military service of Spain because of the dependency of herself and two daughters is not, in our opinion, a reliable record of the fact sought to be shown, is hearsay and would be inadmissible as competent evidence upon proper objection. The certificate of the notary as to the genuineness of the signature of the town official, and the verification of said notary's credibility and official standing by the United States consul add no weight, of course, to said town official's certificate as competent evidence and are valueless in that respect. The certificates of the two bankers and the town agent to the effect that certain moneys were paid by them to claimant upon a check and a draft, respectively, upon the Boise City National Bank, are not in our opinion competent evidence in themselves of such payments, and would be inadmissible upon objection, and if admissible, would have little or no evidential value for the reason that it was not shown by said certificates, or any competent evidence before the board or the reviewing court, where the money mentioned therein came from, or whether it was deposited by the deceased in said bank for the benefit of claimant and her daughters, or that it was sent to her by deceased, or by some official of the bank or other person on deceased's behalf, or that when received she used the same for the support of herself and her children.

For the reasons thus indicated the judgment of the district court will be reversed, with directions to enter judgment sustaining the award of the industrial accident board. Costs to appellant.

McCarthy, C. J., and Budge, William A. Lee and Wm. E. Lee, JJ., concur.