(No. 5216.   March 22, 1929.)

KATE READER, Respondent, v. MILWAUKEE LUMBER
COMPANY, a Corporation, Employer, and HART-
FORD ACCIDENT AND INDEMNITY COMPANY,
a Corporation, Surety, Appellants.

[275 Pac. 1114.]

J. Ward Arney, for Appellants.

Wm. D. Keeton, for Respondent.

WM. E. LEE, J.—The widow of John Reader, for herself and two minor children, seeks compensation for the death of her husband, who had been employed by the Milwaukee Lumber Company. The accident board denied compensation. The district court reversed the action of the board, and made and entered its judgment for the payment of compensation.

The board found that deceased "had an idiosyncrasy toward 'cedar poisoning' and whenever he came in contact

with cedar lumber or worked in and around where cedar lumber was being manufactured he would develop an attack of dermatitis. . . . . '' The court found that "paragraph five of the industrial accident board's findings is not supported by the .evidence in so far as said paragraph finds that the decedent, John Reader, had an idiosyncrasy toward cedar poisoning and that whenever he came in contact with cedar or worked in or around cedar lumber he would develop an attack of dermatitis. . . . . ''

On an appeal in such a case, the findings of fact made by the Industrial Accident Board, based on substantial competent evidence, are conclusive on the district court (*Taylor v. Blackwell Lumber Co.*, 37 Ida. 707, 218 Pac. 356; *Ybaibarriaga v. Farmer*, 39 Ida. 361, 228 Pac. 227), and the jurisdiction of the district court is limited to a review of questions of law (*Ybaibarriaga v. Farmer, supra*). It may determine if the findings of the board are supported by competent evidence; and, if, as a matter of law, the findings are not so supported, clearly it is the duty of the court to set them aside. But where the evidence is conflicting and the findings of the board are supported by the evidence, the province of the court is limited to a determination of whether, from the findings, the board made a proper decision. An examination of the record has satisfied us that this and the other findings of the board are sustained by the evidence. It follows, therefore, that the court erred in setting aside the board's findings.

The board also found that while engaged in work on cedar lumber, Reader developed a case of acute dermatitis and as a result thereof his face was flushed and "he had sores on it"; that he ceased work and went to his home and was found by a physician, who examined him, to be suffering with acute dermatitis as a result of cedar poisoning; that he had one or two scratches or abrasions on his chin; that between December 2, when he quit work, and December 9, when he died, there had developed a diffuse acute mediastinitis, or blood poisoning, the result of a streptococcus or staphylcoccus infection; that neither the scratches or abra-

sions on the chin nor the mediastinitis was the result of a personal injury by accident arising out of and in the course of the employment.

To establish her claim to an award of compensation, claimant took the position that the cedar poisoning was a personal injury by accident arising out of and in the course of the employment, and that the workman's death resulted therefrom. From the findings made by the learned district judge, this was evidently the basis of his decision. This position cannot be sustained on the record before us. The expression "personal injury by accident" was considered in *McNeil v. Panhandle Lumber Co.*, 34 Ida. 773, 203 Pac. 1068, and *Aldrich v. Dole*, 43 Ida. 30, 249 Pac. 87. In the McNeil case, the following definition by Lord Macnaghten in the celebrated case of *Fenton v. Thorley* ([1903] L. R., App. Cas. 443), was approved:

" . . . . The expression 'accident' is used in the popular and ordinary sense of the word as denoting an unlooked-for mishap, or an untoward event which is not expected or designed."

Whether cedar poisoning might be said to be a personal injury by accident under any circumstances is not necessary to a decision of this case. With respect to one, however, who knew he was susceptible to such poisoning on coming in contact with cedar, an attack of cedar poisoning could hardly be said to be an accident. When deceased came in contact with cedar lumber or worked around it he developed an attack of dermatitis. To him the dermatitis, or its cause, the cedar poisoning, was not unexpected. Every time there was cedar lumber around, according to one witness, Reader's face became flushed and florid and "had sores on it," and he kept medicines at the mill "that he used on his face several times a day." It is too plain to require extended argument that the cedar poisoning was not an unlooked-for mishap, or an untoward event; that it was not an accident within the meaning of the Workmen's Compensation Act for which compensation is provided.

It is also sought to sustain the court's award of compensation on the ground that the workman sustained one or two abrasions on his chin, and that the germs of infection entered the body through such abrasions. Conceding that the evidence shows that the workman received these abrasions " . . . . down to the mill," the record contains no evidence that they were of accidental origin, or that they arose out of or in the course of the employment. In fact, the finding of the board absolutely precludes an award of compensation.

Doctor Finney testified that he had treated Reader for cedar poisoning in 1913 and 1915. He also testified at considerable length as to his former patient's condition on those occasions and the likelihood that he would have cedar poisoning whenever he came in contact with cedar. Claimant's objection that the testimony was privileged was overruled. Much of the testimony of Dr. Finney was inadmissible. (*Chicago Packing Co. v. Industrial Board of Illinois,* 282 Ill. 497, 118 N. E. 727; *Inspiration Consol. Copper Co. v. Mendez,* 19 Ariz. 151, 166 Pac. 278; 2 Schneider's Workmen's Compensation Law, sec. 510.) Nevertheless, its admission was harmless, for there was other evidence that sustains the board's findings.

Judgment is reversed.

Varian, J., and Hartson, D. J., concur.

Budge, C. J., and Givens, J., dissent.