## BATCHELOR v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 5613. Decided April 5, 1935. (42 P. [2d] 996.)

*N. H. Tanner,* of Salt Lake City, for plaintiff.

*Joseph Chez,* Attorney General, *Grover A. Giles,* Deputy Attorney General, and *F. A. Trottier,* of Salt Lake City, for defendants.

MOFFAT, Justice.

The record discloses that applicant, Florence Batchelor, was employed at the Perry Hotel in Salt Lake City from October 3, 1933, to November 12, 1933, as housemaid. Her duties were to make the beds and clean the rooms. During November some changes in the electric wiring were being made. These changes in the wiring required the electrician to cut a groove in the plaster of the ceiling and wall from the light outlet to the switch. The cutting of this groove produced particles of lime dust and other materials which settled about the rooms and upon the furniture. On the 10th, 11th, and 12th of November, 1933, the applicant was engaged in cleaning up the deposits of plaster, wall paper, and other materials that had resulted from the work performed by the electrician.

The applicant claims that the dust in these rooms produced by the debris from the electrician's work and incident to the cleaning settled on her skin, particularly her face, neck and arms, and caused a dermatitis which resulted in her becoming disabled for a period of about seven months. She also claimed that she breathed some of the dust into her throat, which produced a sore throat.

The Commission held two sessions upon the first hearing and denied compensation. Upon application for a rehearing, the application was granted and a second hearing was held on July 18, 1934. The Commission again denied compensation. The case is brought to this court upon petition for writ of certiorari.

The Commission found the fact of employment, that the employer was subject to the Workmen's Compensation Act of Utah, that it was carrying insurance in the state insurance fund, and that the applicant had worked seven days per

week at a wage of $40 per month. The Commission also found that the "applicant suffered an accidental cut on her finger," but that injury did not result in any compensable disability. The Commission further found that, aside from the cut finger, "applicant did not suffer any injury by accident arising out of or in the course of her employment." Upon the findings made and conclusion reached, compensation was denied.

The question for review is: Was the evidence submitted to the Commission such as to require the Commission to make an award? It is easier to quote 42-1-79, R. S. Utah 1933, than to explain why it should not be necessary to quote it. It reads:

"The findings and conclusions of the commission on questions of fact shall be conclusive and final and shall not be subject to review; such questions of fact shall include ultimate facts and the findings and conclusion of the commission. * * * "

It is not necessary to make a digest of the evidence submitted to the Commission. Typical statements that characterize the evidence are sufficient. Physicians and specialists testified as to the pathology. The employer and employee both testified. Their testimony goes to the fact of employment, the history of the case, and the circumstances relating to the inception and character of applicant's suffering and the steps taken for relief. A short time before the alleged poisoning by the lime dust, applicant had applied some oil back of one ear which had produced a blister or skin eruption of some kind. Applicant testified that while she was at work, "it felt like something struck me with stinging needles around my arms and neck," that when soap and water were applied to remove the dirt it "just started burning, and started with a sore throat." The physicians characterized the condition as "occupational dermatitis," "that the lime dust was the main factor in the thing," that the lime dust was "an aggravating cause or possibly the sole cause plus the oil that had been used," "there seems to be a clear connection

between the time of work and the breaking out of the eruption of the skin." "A hyper-sensitive skin is responsible for the condition." One of the physicians thought there was a direct connection between the dust of the rooms and the appearance of metalic poisoning. Physicians made some tests by applying to the skin of the applicant samples of dust taken from the rooms. They reported negative results.

In support of the writ of review and as tending to justify the claim that this court should set aside the order denying compensation, applicant cites the following cases: *Tintic Milling Co.* v. *Ind. Comm.,* 60 Utah 14, 206 P. 278, 23 A. L. R. 325; *Pinyon Queen Min. Co.* v. *Ind. Comm.,* 59 Utah 402, 204 P. 323; *Amalgamated Sugar Co.* v. *Ind. Comm.,* 56 Utah 80, 189 P. 69; *Graybar Electric Co., Inc.,* v. *Ind. Comm.,* 73 Utah 568, 276 P. 161. In each of these cases an award of compensation was made by the Industrial Commission and was affirmed by this court. The cases are sufficiently analgous to be given much weight had the Commission made an award and affirmation of it were being urged. Such is not the case. In the instant case the court is asked to set aside the order made by the Commission. It may not be done. Liberal as the construction of the statute should be for the purposes sought to be accomplished by it, and recognizing that any doubt respecting the right to compensation should be resolved in favor of the employee or his dependents by the Commission, we may not substitute our judgment or desires for the orders of the Commission. Where the Commission has made its findings and conclusions and denied compensation, it is not for the court to disturb them unless it appears from the record that the Commission has disregarded competent evidence, substantial in character and uncontradicted, without reasonable basis therefor. *Kavalinakis* v. *Ind. Comm.,* 67 Utah 174, 246 P. 698; *Hauser* v. *Ind. Comm.,* 77 Utah 419, 296 P. 780; *Ostler* v. *Ind. Comm.* 84 U. 428, 36 P. (2d) 95.

The Commission having found as an ultimate fact that applicant did not suffer any injury by accident arising out of

or in the course of her employment, and there being evidence in the record from which the Commission could have found either affirmatively or negatively upon the ultimate issue of fact, we may not disturb the finding of the Commission. In the recent case of *Thompson* v. *Ind. Comm.*, 82 Utah 247, 23 P. (2d) 930, the applicant had worked in a flour mill for about four years. He had some weakness and trouble with his eyes, and claimed that because of the dust and fumigating of the mill, to which he was exposed in oiling and fumigating the machinery and cleaning dust collections on a specified day "while shaking a dust collector," particles of dust entered his eye causing a previously formed ulcer to break, from which the right eye was perforated, resulting in almost total blindness to that eye. The Industrial Commission denied compensation. It was affirmed by this court. In the case of *Reader* v. *Milwaukee Lumber Co. et al.*, 47 Idaho 380, 275 P. 1114, the Accident Board found that the applicant "had an idiosyncrasy toward 'cedar poisoning' " whenever he came in contact with cedar lumber or worked in or around where cedar lumber was being manufactured, from which exposure "he would develop an attack of dermatitis," and denied compensation. Appeal was had to the district court, the award was set aside and the case then was reargued to the Supreme Court of Idaho. The Supreme Court reversed the decision of the district court and affirmed the decision of the Accident Board.

In the instant case the Commission was divided upon the question. We canont say the decision reached is wrong as a matter of law. The decision of the Industrial Commission may not be disturbed. The order denying compensation is therefore affirmed.

ELIAS HANSEN, C. J., and FOLLAND, EPHRAIM HANSON, and WOLFE, JJ., concur.