(No. 6233.   June 8, 1935.)

In the Matter of the Death of NIEL MacKENZIE.  JES-
    SIE MacKENZIE, Respondent, v. OREGON SHORT
    LINE RAILROAD COMPANY, Employer, Appellant.

[46 Pac. (2d) 73.]

Geo. H. Smith and H. B. Thompson, for Appellant.

Walter H. Anderson and Gus Carr Anderson, for Respondent.

HOLDEN, J.—This is a proceeding by respondent to recover compensation for the death of her husband, Niel MacKenzie, under the Workmen's Compensation Act, and is now before this court on a second appeal.

The matter was first heard before the State Industrial Accident Board, which board found in favor of and made

an award to respondent, December 28, 1932. An appeal was taken to the district court, and from a judgment of that court, affirming the award of the Accident Board, the first appeal was taken. (*In re MacKenzie*, 54 Ida. 481, 33 Pac. (2d) 113.)

Upon that appeal, this court held that there was but one real question for decision, i. e.: "Did the accident which caused the death of deceased Niel MacKenzie arise out of and in the course of his employment?" And concluded that the *findings* of the Accident Board upon that question were insufficient to support the award, and reversed the judgment and remanded the cause with directions to the board to make specific findings.

In compliance with the order of this court, the board thereafter, July 25, 1934, made specific findings and a new award. From such findings and new award, a second appeal was prosecuted to the District Court, which court, January 4, 1935, affirmed the award of the board, and the matter is again before this court upon appeal from said last-mentioned judgment of the District Court.

Respondent has moved to dismiss the present appeal on the ground that the order of the court was final, and that the board, by its order, was merely carrying out the mandate of this court, and that the board order was, in effect, an order of this court, and that any appeal therefrom would be duplicitous and unauthorized.

In effect, the contention of respondent is that since appellant has had one appeal from the award, based upon the identical evidence here presented, a second appeal will not lie.

The award made by the Industrial Accident Board, July 25, 1934, after the case was reversed and remanded, which was later affirmed by the District Court, is an entirely new award. When the judgment was reversed on the first appeal, the case was remanded in all respects the same as if for a new trial, but instead of ordering and directing that the evidence be again produced before the Industrial Accident Board, this court directed that the board make

specific findings, based upon the evidence previously introduced in the case.

The judgment of the District Court, affirming the new award, stands, therefore, to all intents and purposes, the same as if entered upon a new trial, and this is the first and only appeal taken from that particular judgment. (*Later v. Haywood*, 15 Ida. 716, 99 Pac. 828. See, also, *People's Gaslight & Coke Co. v. City of Chicago*, 309 Ill. 40, 139 N. E. 867.)

An appeal, therefore, from the judgment of the District Court, affirming the new award of the Industrial Accident Board, will lie, and the motion to dismiss is denied.

Pursuant to directions of this court to make specific findings upon the single question which this court held, upon the former appeal, to be decisive, the Industrial Accident Board found:

"That when the said Niel MacKenzie, now deceased, came out of the generator building as above described, at the time the laborer in charge of the job of emptying the sump was away to get oil for the pump, he, the said MacKenzie, went toward or by the running pump which was then jumping and jerking, and stepped on the trap door to see how the work was getting on—that is to say—to see whether it was because the sludge in the sump was nearing the bottom that caused the pump to jump and jerk; that he did this with the intention to advance the work of emptying the sump; that on several occasions since the emptying of the sump had been taken over by the 'Store Department' the said Niel MacKenzie, now deceased, had helped in that work; that said Niel MacKenzie, now deceased, had done so to further the work of his master; and it is hereby and now specifically found that the said Niel MacKenzie stepped on the said open slimy trap door for the purpose of ascertaining what was the best thing to do in and about the situation then present and to do such best thing in, and to further, the interests of his master and not to satisfy his idle curiosity."

The errors assigned by appellant on this appeal present three questions for determination:

(1) The sufficiency of the evidence to support the findings.

(2) The sufficiency of the findings to sustain the new award; and

(3) The refusal of the trial court to pass upon the sufficiency of the evidence to sustain the findings, and the refusal of the court to pass upon the sufficiency of the findings to sustain the new award.

Upon the first question, the record shows: That appellant owned a generator plant; that this plant was located in appellant's yards at Pocatello, Idaho; that it was used to generate acetylene gas; that the gas was piped to appellant's various shops, also located in its said yards; that for several years, and up until November, 1931, Niel MacKenzie had been employed by appellant to operate the plant; that at the side of the building, housing the plant, there was a sump, located four feet from the building, into which the refuse from the generators was carried by means of a concrete conduit, and that until November, 1931, it was also MacKenzie's duty to, and he did, without any assistance, regularly clean out the sump; that the cleaning was done by running water and steam into the sump from the generator plant, and siphoning the softened refuse into a car on a near-by track; that MacKenzie, until the date of his death, was employed in the Mechanical Department of the appellant; that in November, 1931, supervision of the work of cleaning the sump was transferred from appellant's Mechanical to its Store Department, and that thereafter, and until the date of the accident which resulted in MacKenzie's death, the sump was cleaned out, from time to time, by one Rasmus Knudsen (employed in the Store Department) with the assistance of MacKenzie, in that Mac-Kenzie regularly passed out to Knudsen the hose (kept inside the generator building and connected with the water faucet also inside the plant) used in cleaning the sump, and then turned the water on; that shortly prior to the

accident, the use of the siphon was discontinued, and a pump had been installed; the first pump was too small, and a larger one was therefore installed and in use when the accident occurred; that on the day of the accident, after the pump had been running for some time, MacKenzie came out of the generator building toward the pump, talked to Knudsen for a minute or two about how it was working, looked at the pump, and then returned to the generator building; that at that time the pump was located west of the sump, opposite a trap-door, covering the southwest quarter of the sump, or sludge tank; that after the pump had been running for about an hour, it became dry for want of lubrication, and started to jump and jerk, and in order to remedy the difficulty, Knudsen went to get some oil, leaving the pump running, and was gone for five minutes or more; that during the time Knudsen was away after oil, MacKenzie again came out of the generator building, went toward and by the running pump, stepped on the trap-door, which was turned backward and was lying over the door covering the southwest quarter of the tank, the upturned bottom of which was slippery, and slipped and fell into the sump, and was so badly burned by the hot sludge still remaining in the sump that he died a few hours afterwards.

Upon the facts above set forth, what prompted MacKenzie to leave the generator building and go to the sump?

Appellant forcefully argues that he did so to satisfy his curiosity; on the other hand, the respondent, with equal force, argues that he did so to further the work of his master.

At the time of the accident MacKenzie was on duty, operating the generator plant. There is no hint in the evidence that he had any time for the satisfaction of mere curiosity, but there is evidence of a dry pump, jumping and jerking, and loudly crying out for oil. Knudsen, as MacKenzie knew, had gone for oil, and consequently could not give the pump any attention. In those circumstances, the most reasonable and satisfactory conclusion to be drawn is

that it was a dry, jumping, jerking pump, and the thought that it might be necessary to stop it to keep it from pounding itself to pieces, that prompted MacKenzie to momentarily leave the generator building, and not mere idle curiosity. It must have seemed to MacKenzie that it was necessary for someone to watch the work of cleaning out the sump, and particularly the pump, while Knudsen was gone after the much needed oil, and in doing that MacKenzie was acting for his master and not for himself.

On the former appeal (*In re MacKenzie, supra*), this court, speaking through Justice Wernette, held that "not every slight deviation from an employee's duty will deprive him or his dependents of the right to compensation," and that a rule of law which in such a case would put an employee outside his usual course of employment, and so deprive him of his right to compensation for an injury suffered, would punish energy, loyalty and helpfulness and promote sloth and inactivity in employees. (And in *Zeier v. Boise Transfer Co.*, 43 Ida. 549, 254 Pac. 209, 210 (cited in the opinion of Justice Wernette *In re MacKenzie, supra*), 1 Honnold on Workmen's Compensation, p. 346, was quoted as follows:

"It is essential to the right to compensation that the injury shall have been received in the course of the workman's employment; that it shall have been received while he was doing some act reasonably incidental to his work. An accident or injury is so received where it occurs while he is doing what a man in like employment may reasonably do within a time during which he is so employed, and at a place where he may reasonably be during that time. 'Course of employment' includes acts in which the employer has acquiesced, though they are not done in a strict performance of the employee's duties. An employee is not, like a part of a machine operated by him, fixed to precisely the mechanical movements he must perform in order to discharge his industrial function. He may do whatever a human being may reasonably do while in the

performance of his duty without such acts placing him outside of the course of his employment.''

See, also, *In re Stewart,* 49 Ida. 557, 290 Pac. 209.

Furthermore, by the great weight of authority, injuries sustained by an employee upon premises owned or controlled by his employer are generally deemed to have arisen out of and in the course of the employment. (*Burchett v. Anaconda Copper Min. Co.,* 48 Ida. 524, 530, 283 Pac. 515.)

Next, for consideration, comes the question of the sufficiency of the specific findings to sustain the new award.

Briefly stated, the board found that MacKenzie left the generator building to see how the work of cleaning the sump was getting on, and for the purpose of ascertaining what was the best thing to do in and about the situation then present, and then to do such best thing; that he did so "with the intent to advance the work of emptying the sump,'' and to further the work and interests of his master, and not to satisfy idle curiosity.

The findings, therefore, are amply sufficient, and quite conclusively establish the fact that the death of Niel MacKenzie was the result of personal injuries by accident, arising out of and in the course of his employment by appellant. (*Murdoch v. Humes & Swanstrom,* 51 Ida. 459, 9 Pac. (2d) 472; *Zeier v. Boise Transfer Co., supra.*)

There remains the question of the refusal of the trial court to pass upon the sufficiency of the evidence to sustain said specific findings, or to pass upon the sufficiency of such findings to support the award.

In view of the conclusion of this court that the evidence is sufficient to sustain the said specific findings, and that said findings are sufficient to support the new award of the board, the refusal of the trial court to pass upon the sufficiency of the evidence and the specific findings, is harmless error, in that if the court had passed upon the sufficiency of the evidence and findings, and held them to be sufficient, this court, in the event of an appeal by appellant, would have sustained the lower court; on the

other hand, if the court had passed upon the sufficiency of the evidence and findings, and held either to be insufficient, this court would have reversed the trial court. (Sec. 5–907, I. C. A.; *Dangel v. Levy,* 1 Ida. 722; *Smith v. Ellis,* 7 Ida. 196, 61 Pac. 695; *Joyce Bros. v. Stanfield,* 33 Ida. 68, 189 Pac. 1104; *Applebaum v. Stanton,* 47 Ida. 395, 276 Pac. 47.

The judgment is affirmed, with costs to respondent.

Givens, C. J., and Morgan, J., concur.

Ailshie, J., did not participate in the decision.

BUDGE, J., Specially Concurring.—This case was remanded to the Industrial Accident Board to make a specific finding in order to support its award. It is the duty of the board, and not the courts, to make findings of fact and rulings of law. (*Delich v. Lafferty Shingle Mill,* 49 Ida. 552, 290 Pac. 204; *Burchett v. Anaconda Copper Min. Co.,* 48 Ida. 524, 283 Pac. 515; *In re Larson,* 48 Ida. 136, 279 Pac. 1087; *Reader v. Milwaukee Lumber Co.,* 47 Ida. 380, 275 Pac. 1114; *Kaylor v. Callahan Zinc-Lead Co.,* 43 Ida. 477, 253 Pac. 132; *Ybaibarriaga v. Farmer,* 39 Ida. 361, 228 Pac. 227; *McNeil v. Panhandle Lumber Co.,* 34 Ida. 773, 203 Pac. 1068; I. C. A., secs. 43–1408, 43–1409.) The board made the specific finding to support its award and there is sufficient competent evidence to support the findings. In such circumstances the courts are bound to sustain the award.

I am not at this time prepared to commit myself upon the question of whether or not the trial court should have passed upon the findings. (I. C. A., sec. 43–1409.)