## CUNNINGHAM *et al.* v. CROMLEY.

No. 5211.    Opinion Filed December 21, 1915.

(153 Pac. 860.)

**APPEAL AND ERROR—Discretionary Ruling—Order Granting New Trial.** The discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal unless the record shows clearly that the court has erred in its view of some pure and unmixed question of law, and that the order granting a new trial is based upon such erroneous view of the law.

(Syllabus by Watts, C.)

*Error from District Court, Murray County;*
*R. McMillan, Judge.*

Action by Margaret Cromley against Bob Cunningham and George Cunningham. Judgment for plaintiff against Bob Cunningham, but in favor of George Cunningham. From an order allowing new trial, George Cunningham brings error. Affirmed.

*George M. Nicholson* and *Gray & McVay*, for plaintiff in error.

*Jno. A. McClure*, for defendant in error.

Opinion by WATTS, C. Margaret Cromley, plaintiff below, sued Bob and George Cunningham, defendants below, in district court, Murray county, to recover $1,760 advanced Bob, and also to recover $1,000 additional as damages. She claims that defendants formed a conspiracy whereby they designedly procured her money and refused to account for same.

The case was tried to the court and jury, and after instructions the jury rendered a verdict for the plaintiff

against Bob, but in favor of George against the plaintiff. A motion setting up most of the statutory grounds for a new trial was filed against George Cunningham. Affidavits and counter affidavits were also filed, and the court on the 4th day of January, 1914, by order, in general terms, sustained the motion and granted a new trial, from which order defendant George Cunningham appeals.

The question for decision is, whether the trial court abused its discretion in granting the motion and awarding a new trial. This question has quite frequently been decided by this court adversely to defendant's contention. In *St. Louis & S. F. R. Co. v. Wooten*, 37 Okla. 444, 132 Pac. 479, Brewer, C., has coalited numerous decisions bearing on the question.

In the case *supra*, "as the order shows, no reason is given by the court for this action":

"Beginning with the early opinions of the Oklahoma Territorial Supreme Court, it has been held in an unbroken line of decisions that, in the matter of granting a new trial, the discretion of the trial court is very wide; indeed, that it is so extensive that its action in doing so will not be set aside on appeal unless it clearly appears that in granting the new trial it has taken an erroneous view of some pure, unmixed question of law, and that this erroneous view resulted in the order. *Trower v. Roberts*, 17 Okla. 641, 89 Pac. 1113. Since statehood this rule has been followed in a multitude of decisions; the latest, perhaps, being the case of *Hughes v. C., R. I. & P. Ry. Co.*, 35 Okla. 482, 130 Pac. 591. * * * Some criticism has been made as to the extent to which this doctrine has been carried; but to a man who has been a student of, and observed trials, it needs no defense. No appellate court, be it ever so wise or experienced, can get as correct an idea from a cold mute record of a court proceeding as to whether or not a losing litigant has had a

reasonably fair trial, and as to whether or not justice has prevailed, as can the trial judge who conducts the proceedings, sees and hears the parties, the witnesses, their manner of testifying, and what they say, and how they look and act while saying it. To the trial judge the human element of the case appears; the personal equation enters in. * * * As has been seen, this record throws no light whatever as to the reasons in the mind of the trial judge causing him to grant a new trial in this case. For us to attempt to assign any particular reason why he did so would be but a mere speculation. The verdict evidently, for some reason, did not meet his approval. It is strongly urged that the entire evidence in this case is insufficient to show liability on the part of defendant. The evidence in the record is weak, and, unless it should be strengthened at another trial, it may be well doubted whether another jury would change the verdict arrived at by the first one; but, in appeals from orders granting a new trial, this court does not search for errors with the same care as in cases where a new trial is refused; this is justified because this court does not know the reasons growing out of the facts, conduct of the parties, and the circumstances surrounding the case, which convinced the court that the losing party had not had a reasonably fair trial. And further, when a new trial is ordered, the rights of the parties are not finally fixed; their cause is to be tried out again, with the presumption attending it that justice will prevail. Where the new trial is refused, an affirmance here forever settles the rights of the parties, and therefore this court is, in such situation, charged with the duty of saying whether or not the parties have had a reasonably fair trial. The cause should be affirmed."

In *Shawnee Fire Ins. Co. v. School Board of School District No. 31, Grady County,* 44 Okla. 3, 143 Pac. 194, it is said:

"The order of court granting a new trial does not in any way indicate upon what ground or for what reason the court based its conclusion. The order simply recites: [General order sustaining motion.] * * * Of course it would be impossible, from this record as above shown, to declare that the court, in sustaining the motion for a new trial, committed error upon some pure and unmixed question of law, not involving a consideration of the facts. Not being able to so declare, we are prevented from reversing this case and disturbing the discretion of the court exercised herein, by the decisions above mentioned, to which we might add a vast array of cases not cited therein."

We are therefore of the opinion that the trial court did not abuse its discretion, and recommend that the judgment be affirmed.

By the Court: It is so ordered.