GEORGE TROXCIL, APPELLEE, v. MORRIS & COMPANY, APPELLANT.

FILED FEBRUARY 16, 1922.   No. 22221.

1. **Appeal:** CONFLICTING EVIDENCE. "A finding of the district court on an issue of fact in a compensation case will not be set aside on appeal, where it is supported by sufficient evidence, or where the evidence is substantially conflicting, unless the finding is clearly wrong." *Simon v. Cathroe Co.*, 106 Neb. 535.

2. **Master and Servant:** COMPENSATION AWARD: COMMUTATION. The spirit and intention of the compensation act is to safeguard a compensation award. Commutation to a lump-sum payment should be approved by the courts only for strong and urgent reasons.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed as modified.*

*James C. Kinsler,* for appellant.

*Bigelow, Peterson & LaViolette, contra.*

Heard before MORRISSEY, C.J., ROSE and ALDRICH, JJ., RAPER and STEWART, District Judges.

STEWART, District Judge.

This is a claim under the workmen's compensation act. On September 11, 1919, George Troxcil was about 21 years of age, and an employee of Morris & Company as a laborer in appellant's packing house. While in the performance of his duty, he fell and his head was caught between a gate-bar and the cage of a descending elevator. The company voluntarily paid compensation at the rate of $15 a week for 19 weeks, ending

January 16, 1920, on which date appellee had returned to work. In February, following, a claim for compensation was filed, and later an award was made by the compensation commissioner, and, upon appeal, by the district court, of $6 a week for 281 weeks, and thereafter at the rate of $4.50 a week during claimant's life. Over appellant's objection, the award was ordered commuted to a lump sum. Morris & Company appeal.

Appellee contends that his injuries were total and permanent within the meaning of the workmen's compensation act, rendering it necessary for him to fit himself by education for mental rather than physical labor, and making it proper for the court to order commutation to a lump-sum payment.

Appellant insists that disability ceased at the close of the appellee's healing period, on January 16, 1920, when he was able to and did return to work at higher wages; also that the court was without power, in the absence of an agreement between the parties, to order commutation.

The district court in its decree found, among other things: "The court further finds that said injury resulted in permanent disability, entitling the plaintiff to compensation under subdivision 1 of section 3662 at the rate of $6 a week, during the first 281 weeks, after January 16, 1920, and $4.50 a week for the remainder of his life."

The order overruling the motion for a new trial recites: "That a special finding is made that the plaintiff has suffered, by reason of his injury to his jaws and head, a 15 per cent. depletion, and it is the 15 per cent. depletion on which the court bases the decision in this case, concluding therefrom that it has by reason of that per cent. unfitted him for the work he was engaged in at the time he received his said injuries to the full extent normal to him in his then employment."

There was evidence at the trial tending to show that, as a result of the accident, the appellee suffered a frac-

ture of the upper jaw, of one prominent bone below the eye, and the nasal bone, part of which was removed, leaving the nose permanently disfigured; that two teeth were knocked out and two others broken; that the lateral, or side to side motion of the lower jaw, was entirely and permanently lost, thereby limiting his ability to masticate his food, resulting in permanent impairment of the functions of digestion and nutrition about 30 per cent.; that, since the accident, he frequently suffers from headache and stomach trouble, and that he is physically debilitated about 25 per cent.

About four months after the injury appellee was given three different light jobs by appellant, at the same relative pay he formerly received, and continued to work for about five months, when he was assigned to hard work. Four days later he quit because he could not stand the work, and to become a street car conductor at increased wages for longer hours, and to work seven days a week. He continued as a street car conductor for the following year until date of trial. It also appears in the testimony that during the time he worked for the street car company, because of relaxed energy, on about five occasions he arrived too late to make his trip, and on about as many occasions he was absent from duty because of illness, in the aggregate of about 20 days. Practically all the conflicting evidence was between expert witnesses in their respective opinions of the conditions of appellee's health, and the effect of his injuries upon his earning capacity and physical ability to labor.

We are satisfied, except as to the matter of commutation, that this case comes within a well-established rule of law of this state: "A finding of the district court on an issue of fact in a compensation case will not be set aside on appeal, where it is supported by sufficient evidence, or where the evidence is substantially conflicting, unless the finding is clearly wrong." *Simon v. Cathroe Co.*, 106 Neb. 535, and cases cited.

In its decree the trial court, so far as it is pertinent to quote, found as follows: "The court further finds that the nature of plaintiff's injury requires a change in vocation to one making less demands upon his physical strength, and for that purpose that the payments to be made, should be commuted to one lump sum in the method provided by law."

The above finding seems to have been based mainly, if not entirely, upon the opinions of the medical expert witnesses that the appellee's condition required a change of vocation. Neither the appellee nor his wife testified upon the subject. The record shows he reached the eighth grade in school, and that his career has always been that of a farmer or laborer. No emergency is shown, and it is purely problematical whether he would be helped or hurt by getting immediate possession of his money.

The spirit and intention of the compensation act is to safeguard a compensation award. Commutation to a lump-sum payment should be approved by the courts only for strong and urgent reasons.

In *Perry v. Huffman Automobile Co.*, 104 Neb. 214, this court said: "The workmen's compensation act does not contemplate the payment of large sums of money to improvident employees or dependents who may lose it and become a charge on the public, but as a general rule requires employers to pay injured employees compensation in small periodical payments at short intervals."

The evidence being ample to sustain the judgment, issues of fact determined will not be disturbed, except as to the manner of making payments.

The judgment of the district court is modified to require weekly payments instead of awarding a lump sum, and, as modified, is affirmed.

AFFIRMED AS MODIFIED.