(January 25, 1927.)

## ALFRED W. KAYLOR, Respondent, v. CALLAHAN ZINC-LEAD COMPANY and HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellants.

### [253 Pac. 132.]

WORKMEN'S COMPENSATION ACT—INDUSTRIAL ACCIDENT BOARD—LUMP SUM SETTLEMENT — ORDER DENYING APPEALABLE — DISCRETION OF BOARD—FINDINGS CONCLUSIVE ON APPEAL—JURISDICTION OF APPELLATE COURTS—EVIDENCE.

1. Under C. S., secs. 6270 and 6273, order or determination of Industrial Accident Board, denying a lump sum settlement in favor of injured employee, is appealable to district court.

2. Under C. S., sec. 6270, findings of fact by Industrial Accident Board, supported by competent evidence, are conclusive on appeal to district and supreme courts; jurisdiction of such courts being limited to review of questions of law.

3. Intent of the Workmen's Compensation Law (C. S., sec. 6213 et seq.) is to safeguard the compensation award, and an award in a lump sum should be approved by courts only for strong and urgent reasons.

4. Evidence *held* not to show Industrial Accident Board abused its discretion under C. S., sec. 6240, in refusing to award injured employee a lump sum settlement.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. Albert H. Featherstone, Judge.

Proceeding for commutation of compensation to a lump sum payment denied by Industrial Accident Board and granted by district court. *Reversed, with instructions to enter judgment in favor of appellants.*

Publisher's Note.

See Workmen's Compensation Acts, C. J., sec. 86, p. 96, n. 14; sec. 123, p. 120, n. 10; sec. 127, p. 123, n. 41; sec. 128, p. 123, n. 51; sec. 129, p. 124, n. 61.

H. J. Hull and H. E. Davis, for Appellants.

Where an inferior tribunal is clothed with the exercise of discretion, a judgment rendered or award made in the exercise of that discretion will not be set aside unless it clearly appears that there was fraud or that such tribunal abused its discretion. (*Stephenson v. State Industrial Com.,* 79 Okl. 228, 192 Pac. 580; *Dolen v. Muncie Sand Co.,* 110 Kan. 142, 202 Pac. 846; *Kokotovich v. Industrial Commission,* 69 Colo. 572, 195 Pac. 646; *Reteuna v. Industrial Commission,* 55 Utah, 258, 185 Pac. 535; *Beckwith's Estate v. Spooner,* 183 Mich. 323, Ann. Cas. 1916E, 886, 149 N. W. 971; *Perry v. Industrial Accident Com.,* 176 Cal. 706, 169 Pac. 353; *Sessions v. Walker,* 34 Ida. 362, 201 Pac. 709; *Ondes v. Bunker Hill & Sullivan Min. etc. Co.,* 40 Ida. 186, 232 Pac. 578; *De Puy v. Peebles,* 24 Ida. 550, 135 Pac. 264; *Hoy v. Anderson,* 39 Ida. 430, 227 Pac. 1058; *Smith-Nieland v. Reed,* 39 Ida. 788, 231 Pac. 102; *Caravelis v. Cacavas,* 38 Ida. 123, 220 Pac. 110.)

The findings of fact of the Industrial Accident Board when supported by competent evidence are conclusive on appeal to the district and supreme court, the jurisdiction of these courts being limited to a review of questions of law. (C. S., sec. 6270; *McNeil v. Panhandle Lumber Co.,* 34 Ida. 773, 203 Pac. 1068; *Taylor v. Blackwell Lumber Co.,* 37 Ida. 707, 218 Pac. 356; *Ybaibarriaga v. Farmer,* 39 Ida. 361, 228 Pac. 227.)

The spirit and intention of the Compensation Act is to safeguard the compensation award. Commutation to a lump sum payment should be approved by the court only for strong and urgent reasons. (*Troxcil v. Morris & Co.,* 107 Neb. 817, 186 N. W. 978; *Kokotovich v. Industrial Commission, supra; Lauritzen v. Terry & Trench Co.,* 193 App. Div. 809, 184 N. Y. Supp. 683; *Perry v. Huffman Auto Co.,* 104 Neb. 211, 175 N. W. 1021, 179 N. W. 501; *Goelitz v. Industrial Accident Board,* 278 Ill. 164, 115 N. E. 855; *State ex rel. Anseth v. Dist. Court,* 134 Minn. 16, 158 N. W. 713, L. R. A. 1916F, 957; *Adams v. New York O. & W. R.*

*Co.*, 175 App. Div. 714, 161 N. Y. Supp. 919; *Myers v. Armour & Co.*, 103 Neb. 407, 172 N. W. 45; 2 Schneider on Compensation, p. 1296.)

John P. Gray and Walter H. Hanson, for Respondent.

"The theory of legislation authorizing commutation of payments to a lump sum is that cases will arise in which the employee's condition will be so marked that there will be little reason to anticipate improvement in earning capacity and that circumstances will warrant allowing a lump sum available at once, rather than periodical payments." (Honnold on Workmen's Compensation, sec. 179; *Bucherri v. Hartford Rubber Works Co.*, 1 Conn. Comp. Dec. 622; *Stephenson v. Industrial Commission*, 79 Okl. 228, 192 Pac. 580.)

GIVENS, J.—August 6, 1923, respondent Alfred W. Kaylor, while employed by appellant Callahan Zinc-Lead Company, sustained an injury resulting in complete paralysis of the lower limbs. Immediately after the injury respondent was removed to the Wallace Hospital, which had a contract with the appellant Callahan Zinc-Lead Company for the care of its injured employees, and he was still confined therein at the time this cause was heard before the Industrial Accident Board. It is conceded that the injury to respondent's spine is incurable, that his condition is stationary and that he requires and will require the constant service of someone to administer to him until his death. No question as to the amount of or respondent's right to compensation is involved.

Respondent filed his petition with the Industrial Accident Board praying for a lump sum settlement of his compensation under C. S., sec. 6240, which was denied, whereupon an appeal was taken to the district court and judgment was entered directing a lump sum settlement from which judgment this appeal is taken.

[1]   Under C. S., secs. 6270 and 6273, this order or determination of the Industrial Accident Board denying a lump sum settlement was appealable to the district court.

[2]   C. S., sec. 6240, places the question of granting a lump sum settlement in the discretion of the Industrial Accident Board in the first instance, namely, "whenever the Board determines that it is for the best interests of all parties." The findings of fact of the Industrial Accident Board, when supported by competent evidence, are conclusive on appeal to the district and supreme court, the jurisdiction of these courts being limited to a review of questions of law. (C. S., sec. 6270; *McNeil v. Panhandle Lumber Co.*, 34 Ida. 773, 203 Pac. 1068; *Taylor v. Blackwell Lumber Co.*, 37 Ida. 707, 218 Pac. 356; *Ybaibarriaga v. Farmer*, 39 Ida. 361, 228 Pac. 227.)

In *Stephenson v. State Industrial Commission*, 79 Okl. 228, 192 Pac. 580, after quoting part of section 15 of the Workmen's Compensation Act of Oklahoma as follows: "The commission, whenever it shall so deem advisable, may commute such periodical payments to one or more lump-sum payments, provided the same shall be in the interest of justice," the court says:

"This provision seems clear and unambiguous. It leaves the matter of making an order for the payment of compensation in one or more lump sums entirely to the discretion of the commission, and express power is given to make such an order where it shall deem it advisable and in the interest of justice. The general rule of law is that, where an inferior tribunal is clothed with the exercise of its discretion in making an order or in rendering a judgment in an action or making an award in a special proceeding, the judgment rendered or the award made will not be set aside on appeal, unless it clearly appears that there was an abuse by such tribunal of its discretion in rendering the judgment or making the award complained of. *Springfield Fire & Marine Ins. Co. v. Griffin* [64 Okl. 131] 166 Pac. 431; *Cunningham v. Cromley*, 54 Okl. 266, 153 Pac. 860; *Duncan v. Eck*, [65 Okl. 250] 166 Pac. 121; *Arn v. Elms*, 59 Okl. 235, 158 Pac.

1150; *Stainbrook v. Meskill*, 52 Okl. 196, 152 Pac. 820; *Kemmerer v. Midland Oil & Drilling Co.*, 229 Fed. 872, 144 C. C. A. 154; *Gorrell v. Battelle*, 93 Kan. 370, 144 Pac. 244; *Cain v. National Zinc Co.*, 94 Kan. 679, 146 Pac. 1165, 148 Pac. 251; *Roberts v. Chas. Wolff Packing Co.*, 95 Kan. 723, 149 Pac. 413; *Retuna v. Industrial Commission*, [55 Utah, 258] 185 Pac. 535.''

[3] The intent of the Workmen's Compensation Act is to safeguard the compensation award and an award in a lump sum should be approved by the courts only for strong and urgent reasons. (*Troxcil v. Morris Co.*, 107 Neb. 817, 186 N. W. 978.)

As said by Schneider in his work on Compensation, vol. 2, page 1296:

''The principle involved in the compensation acts, is that the benefits received, are a substitute for the wages of the injured employee, and with this theory in mind, legislatures of all states, except three, have provided for periodical payments. The purpose of this method of payment is to preclude any possibility of an imprudent employee or dependent wasting the means provided for his support and thereby becoming a burden on society.''

[4] The only showing made was that the respondent thought that his removal to Dayton, Ohio, would add to his comfort and happiness. Granting that this would be true, there is no showing that a lump sum settlement would. in any way be to the interest of the other parties interested, and it cannot be said nor did the district court find that the commission abused its discretion in refusing to grant the lump sum. While the mere fact that the petitioner may have been more happy and comfortable in Dayton might have been sufficient cause to award a lump sum, the evidence regarding the manner in which the sum to be paid would be invested and the business ability of the petitioner and his father was meager and may have materially influenced the commission's decision. The mere fact that there was sufficient evidence to justify the commission or this court

in arriving at a conclusion different than that reached does not prove that the commission abused its discretion.

The judgment is therefore reversed, with instructions to enter judgment in favor of appellants, and it is so ordered. Costs awarded to appellants.

Budge, Taylor and T. Bailey Lee, JJ., concur.

Wm. E. Lee, C. J., concurs in the conclusion reached.