# Richmond.

## OLD DOMINION LAND COMPANY, ET AL. V. CHRISTIAN K. MESSICK.

January 19, 1928.

Absent, Burks, J.

1. WORKMEN'S COMPENSATION ACT—*Reopening Award Under Section 47 of the Act—Change in Conditions—Time within which Award May be Reopened.*—In the instant case, an appeal from an award of the Industrial Commission allowing claimant additional compensation to that at first allowed him, it was assigned as error that the Commission erred in reopening the case in 1926, after a lapse of years, when a specific award covering a definite amount for loss of the use· of claimant's hand had been made by agreement in 1923 and approved by the Commission and final settlement receipt therefor filed with the Commission and approved in 1924.

    *Held:* That under section 47 of the workmen's compensation act (Code of 1924, section 1887 (47) ), there was no merit in this assignment of error.

2. WORKMEN'S COMPENSATION ACT—*Reopening Award Under Section 47 of the Act—Change in Conditions—Time within which Award May be Reopened.*—The language employed in section 47 of the workmen's compensation act (Code of 1924, section 1887 (47) ), is most comprehensive. It has no relation to a period of time, but confers upon the Commission the power to review any award, ending, diminishing, or increasing the compensation previously awarded, subject to the minimum or maximum amount to which the claimant may, in the course of months or years, be entitled to according to his changed condition. The legislature evidently had in mind that the first award in any case might work a hardship either to the claimant or the insurer, because of the injury proving more or less serious than at first apparent.

3. WORKMEN'S COMPENSATION ACT—*Reopening Award Under Section 47 of the Act—Change in Conditions.*—After an award and during the whole compensable period (that is, between the minimum and maximum amount), the relation of the Commission to the award is similar to that of a court to a judgment during the term at which it is rendered.

4. WORDS AND PHRASES—*Paralysis Agitans—Palsy.*—Paralysis agitans, commonly known as "palsy," is a disease of the nucleii of the central nervous system—*i. e.*, the brain and upper spinal cord; it is progressive in its nature and begins with local manifestations of tremor and paralysis, and gradually spreads until the person so affected is entirely disabled.

5. WORKMEN'S COMPENSATION ACT—*Additional Compensation—Burden of Proof.*—The burden of proof is upon the claimant seeking additional compensation for a change in condition under section 47 of the workmen's compensation act (Code of 1924, section 1887 (47) ), to show that his present condition resulted naturally and unavoidably from the accident for which the previous award was made.

6. WORKMEN'S COMPENSATION ACT—*Reopening Award—Change in Condition—Additional Compensation—Case at Bar.*—In the instant case, an appeal from the award of the Industrial Commission, claimant had received compensation under agreement with the insurance carrier approved by the Commission, and was seeking additional compensation under section 47 of the act (Code 1924, section 1887 (47) ). The Commission found that claimant was suffering from palsy which resulted from the accident. There was no direct medical testimony that the palsy resulted from the accident. The nearest approach to a causal connection between the injury and the disease was the statement that palsy, or paralysis agitans, might be due to the injury.

*Held:* That this was not sufficient.

7. WORKMEN'S COMPENSATION ACT—*Disease—When Compensable.*—To be compensable, the disease must be produced by the specific injury complained of, or if the disease is in existence at the time of the accident, aggravated thereby.

Appeal from an award of the Industrial Commission of Virginia.

*Reversed.*

The opinion states the case.

*Parrish, Butcher, Churchman & Coulbourn,* for the appellants.

*John W. Massey,* for the appellee.

CAMPBELL, J., delivered the opinion of the court.

This is an appeal from an award of the Industrial Commission in favor of the defendant in error for the sum of $678.00, payable at the rate of $12.00 per week, against plaintiffs in error.

We are met at the threshold of this case with a request that the court enter an order, under which the testimony of the witnesses before the Commission shall be certified as a part of the record. In view of the conclusion reached in this case, from the record as presented, we do not deem it necessary to pass upon this question.

The facts in the case may be summarized thus:

On June 21, 1923, the claimant, Messick, mashed four fingers of his right hand in a printing press operated by the employer. It was agreed at that time that claimant had sustained an accident arising out of and in the course of his employment, and that there was some permanent loss of use of the fingers of the right hand, due to stiffness resulting from the fingers being mashed. Accordingly, a memorandum of agreement was entered into between the claimant and the insurance carrier, on the basis of twenty per cent permanent loss of use of the first, second and third fingers, and ten per cent loss of use of the fourth finger. This agreement carried with it the payment of eighteen and one-half weeks compensation, or $222.00 as specific payment for this loss of use of the fingers. The agreement was approved by the Industrial Commission, and all amounts payable thereunder were paid by the insurance carrier to the claimant. On February 18, 1924, after all payments had been completed, a final settlement receipt was signed by the claimant, and filed by the insurance carrier with the Industrial Commission, who approved and filed it.

Nothing further was heard from the claimant for a

period of two years and three months. Then, on May 26, 1926, claimant filed with the Industrial Commission an application for hearing, alleging a change of condition, in that he had thirty-three and one-third per cent loss of use of the injured hand.

The Industrial Commission held hearings on this application and took the testimony of the claimant, his physician, and three physicians chosen by the insurance carrier, all of whom had made recent examinations of the claimant. On this testimony, which will hereafter be more fully dealt with, the Commission found that the claimant has a fifty per cent loss of use of his right hand, and that this loss of use is due to the injury which he sustained on the 21st day of June, 1923, and entered the award which is the subject of this appeal.

[1] It is assigned as error that the Industrial Commission erred in reopening the case after a lapse of years, when a specific award covering a definite amount of loss of the use of the hand had been made by agreement in 1923, and final settlement receipt therefor filed and approved February 18, 1924.

Section 47 of the workmen's compensation law (Acts 1918, chapter 400) is as follows:

"Section 47. Upon its own motion before judicial determination, or upon the application of any party in interest on the ground of a change in condition, the Industrial Commission may at any time review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any monies paid."

[2] There is no merit in this assignment of error.

The language employed in the section is most comprehensive. It has no relation to a period of time, but confers upon the Commission the power to review any award, ending, diminishing, or increasing the compensation previously awarded, subject, as stated, to the minimum or maximum amount to which the claimant may, in the course of months or years be entitled to, according to his changed condition. The legislature evidently had in mind that the first award in any case might work a hardship either to the claimant or the insurer, because of the injury proving more or less serious than at first apparent.

[3] In *Crouse* v. *Stiles*, 3 O. I. C. 358, it is held that after an award and during the whole compensable period (that is, between the minimum and maximum amount), that the relation of the Commission to the award is similar to that of a court or a judgment during the term at which it is rendered. This, we hold, is a correct construction of this section, and the action of the Commission in reopening the case was fully warranted.

It is also assigned as error that: "The Industrial Commission erred in finding that the claimant's 'palsy' resulted from the accident of June 21, 1923; because such a finding is without any evidence whatever to support it, is against all the evidence given in the cause, and is inconsistent with the other findings of fact in the record."

We are of the opinion that this assignment of error is well founded. The sole question of fact presented to the Commission for determination was: Did the palsied condition of claimant's hand in 1926 result naturally and unavoidably from the printing press accident in 1923?

Section 2 (d) of the compensation law reads thus:

" 'Injury' and 'personal injury' shall mean only injury by accident arising out of and in the course of the employment and shall not include a disease in any form, except where it results naturally and unavoidably from the accident."

[4] In the opinion of the Commission it is stated: "It is very true that there is no direct medical testimony or opinion that paralysis agitans which the claimant has, or the condition which he has in his hand, is the result of the injury." This is a finding of fact that claimant has paralysis agitans. Paralysis agitans, commonly known as "palsy," is a disease of the nucleii of the central nervous system—i. e., the brain and upper spinal cord; it is progressive in its nature and begins with local manifestations of tremor and paralysis, and gradually spreads until the person so affected is entirely disabled.

[5] The burden of proof was upon the claimant to show that his present condition resulted naturally and unavoidably from the accident which occurred in 1923. The evidence and fair inference therefrom, upon which the award is based, is that of claimant and of the doctor who testified in his behalf. This evidence is summarized by the Commission thus:

"Dr. John H. Cullinan, a nerve specialist, testifies that the claimant has paralysis agitans. This, he states, is a progressive disease, rarely manifesting itself before the age of forty, and may be due to exposure, fevers, such as malaria, shock, or trauma or injury. The claimant's symptoms are confined, however, to his right hand alone, which Dr. Cullinan states is a peculiar thing in this disease, as its usual course is a gradual spreading. He states that it is unusual that it should have appeared in no other member during the time the claimant has had it. He does not definitely state

that he attributes the condition of the claimant's hand which is now present to the injury—in fact, he expresses no opinion along this line, beyond calling attention to the fact that, if it were an ordinary case, he would have expected it to be much further advanced than it is in this case.

"Dr. Cullinan estimates that the claimant has a seventy-five per cent permanent loss of the use of his hand.

"The claimant testifies that the condition of which he now complains came on about three years ago, immediately after he took the bandages off following his injury. He cannot, he states, now close up the fingers of the right hand, and the joints of the fingers he cannot bend. He is also afflicted with a tremor of the whole hand at times. He cannot write with the hand except very slowly."

The testimony of Dr. Cullinan that the disease "might be due to exposure, fever, malaria, shock, or trauma or injury," leaves us guessing whether the disease was caused by "exposure, fever or malaria," which are not compensable, or whether it was caused by "trauma or injury," which may be compensable.

Dr. Cullinan did not state that there was any causal connection between the disease and the injury; "in fact he expresses no opinion along this line   *   *."

The statement of the claimant "that the condition of which he now complains came on about three years ago, immediately after he took the bandages off following his injury," in view of the fact that he signed a final settlement receipt in February, 1924, without mentioning the "palsy," and then waited over two years before making any claim, casts such suspicion upon his statement that it should not be made the basis of an award. Then, too, the statement of claimant is

opposed to the statement of Dr. Gayle that claimant has paralysis agitans in a very early stage.

[6, 7] The nearest approach to a causal connection between the injury and the disease is the statement that paralysis agitans "may be due to an injury." This is not sufficient. To be compensable, the disease must be produced by the specific injury complained of, or if the disease is in existence at the time of the accident, aggravated thereby.

The contention of the appellants that claimant's incapacity was due to paralysis agitans is, we think, clearly borne out by the evidence of Dr. Wheeldon, the orthopedic specialist, who "reached the conclusion that the paralysis agitans was not due to the injury which claimant received;" by the testimony of Dr. Gayle, as stated by the Commission thus: "Dr. Finley Gayle has also testified that his diagnosis is paralysis agitans in a very early stage, and that he does not think there is any connection between this and the injury;" by the statement in the opinion that "Doctor Whitehead, the X-ray specialist, who took the pictures of the claimant, testifies that they did not show any dislocation or fracture, and he has found nothing from the X-rays which was due to this injury."

The evidence seems to us conclusive of the medical questions that the claimant has paralysis agitans in its early stage, and that there is no causal connection between the disease and the accident which occurred in the year 1923.

The judgment and award of the Industrial Commission will be reversed and set aside, and final judgment entered here for the appellants.

*Reversed.*