(No. 5078.   October 15, 1928.)

In the Matter of EDGAR C. HILLHOUSE, Deceased. EMMA HILLHOUSE, Respondent, v. BONNER COUNTY, STATE OF IDAHO, a Municipal Corporation, Employer, and STATE INSURANCE FUND, Surety, Appellants.

[271 Pac. 459.]

Scatterday & Stone, for Appellants.

Myrvin Davis, for Respondent.

732

BUDGE, J.—This proceeding is here for review on appeal from a judgment of the district court of the eighth judicial district awarding respondent compensation for the death of her husband.

Deceased was in the employ of Bonner County, which county is subject to the provisions of the Workmen's Compensation Law and carried compensation insurance in the state insurance fund. On May 1, 1926, while deceased was operating a grader used in improving a road within Bonner County, a small pole caught in the grader and struck deceased on the back of his head, throwing him against a part of the mechanism and off the grader. After a few minutes deceased resumed his duties but did not work as hard as usual the rest of that day. The next day was Sunday, and on Monday, May 3d, deceased again worked on the grader, over rough, rocky, ground, and was subjected to severe jolting and jerking while operating the grader that day, of which he complained that evening. On the following morning he stated that he was not feeling well, but proceeded from his home to the place where his work was to be performed, returning home within an hour, the road operations being suspended on account of rain. He rested about the house the remainder of the day, and did not get up the next morning, complaining of a pain in his side and around the navel. The pain and his condition became worse, and on May 7th a physician was called, who found him to be suffering with a direct hernia. After treatment by this physician, deceased improved temporarily, but, complications setting in later, he died, after an operation, on May 19, 1926. The appendix had become strangulated by reason of being incarcerated in the hernia, forming an abscess and

bringing on diffused peritonitis, this condition being the immediate cause of death.

It was first found by the industrial accident board, approving and confirming the findings of one of its members before whom the proceeding was heard, that the hernia from which the deceased was found to be suffering on May 7, 1926, was the result of the jolting and jerking he received while performing his regular duties of riding the road grader. Subsequent to the entry of these findings, directing an award of compensation, the board, on review, reversed its prior decision and denied compensation, finding:

" . . . . that it has not been proven that the hernia appeared suddenly and immediately following any injury and it is found that the said hernia did not appear until the seventh day of May, 1926; it is further expressly found that it has not been proven that the said hernia did not exist in some degree prior to the time the deceased worked on said Fish Hatchery Road."

It is specified on appeal from the judgment of award entered in the district court that the court erred in not accepting as final the facts as found by the industrial accident board, it being contended that the findings of said board were supported by competent and substantial evidence; and that the evidence is insufficient to support the judgment of the district court in a number of particulars which will be referred to hereinafter.

As we view the record there is no substantial conflict in the evidence, and we think it is established therefrom that deceased received personal injury by accident arising out of and in the course of his employment, resulting in hernia, which was the moving and primary cause of the condition from which he was found to be suffering at the time he was operated on and when he died. This is our conclusion as to the application of the law to the facts, as it was of the district court. The application of the law to undisputed evidence, as in the instant case, raises a question of law, to a review of which the district court and this court are limited on appeals from decisions of the industrial acci-

dent board. (C. S., sec. 6270; *Kaylor v. Callahan Zinc-Lead Co.*, 43 Ida. 477, 480, 253 Pac. 132, and cases cited.) And it follows, and we so hold, that the final findings of the industrial accident board are not supported by competent and substantial evidence; hence they are not conclusive on appeal to the district court and the supreme court. (*Ybaibarriaga v. Farmer et al.*, 39 Ida. 361, 369, 228 Pac. 227.)

In addition to it being established that a workman, coming within the provisions of the Workmen's Compensation Law, has received personal injury by accident arising out of and in the course of his employment (C. S., sec. 6217), the statute requires (C. S., sec. 6235), in all cases of hernia resulting from injury as aforesaid, proof that the hernia appeared suddenly and immediately following the injury, and did not exist in any degree prior to the injury. Regardless of the efficacy of this statute and its apparent strictures, it would, it seems to us, be utterly repugnant to a liberal construction of its provisions; it is often said that the spirit of the Workmen's Compensation Law is to award compensation in all cases where a liberal construction of the statute would justify it (*McNeil v. Panhandle Lumber Co.*, 34 Ida. 773, 203 Pac. 1068; *Walker v. Hyde*, 43 Ida. 625, 253 Pac. 1104) to hold that a fair and reasonable application of the evidence herein, and the inferences entitled to be assumed therefrom, did not meet the requirements of this statutory provision.

Deceased was shown to have been a strong, healthy and robust man at and prior to the time he was injured. There was no proof of any antecedent infirmity of any kind on his part, except that he might have had influenza some years previous to his death. One of the physicians testified that the severe jolting and jarring received by deceased while working on the grader and his being thrown against its projections was sufficient cause for the hernia. Failure of the injury to cause serious discomfort until a day or so after its occurrence does not negative the inference that the hernia appeared suddenly and immediately following. "Sometimes there is complete absence of pain and tenderness in the

hernia itself." (Ency. Brittanica.) It would be manifestly unfair to conclude that, because the injury was first diagnosed to be hernia on May 7, 1926, it had not appeared on May 1 or May 3, 1926, when, according to the medical testimony, the severe jolting deceased was subjected to in the performance of his work, was sufficient cause for the hernia; and in view of the fact that before a physician was called, deceased complained of pain in his abdomen, and had done nothing in the meantime that could have caused the hernia. The finding of the industrial accident board, "that by reason of the hernia received by deceased, Edgar C. Hillhouse, he was totally disabled for work from the fourth day of May, 1926, until the day of his death," is applicable to the ample showing that the hernia appeared within the time required by the statute, reasonably construed, and did not exist in any degree prior to the injury.

The judgment of the district court is affirmed, with costs to respondent.

Wm. E. Lee, C. J., and Givens, J., concur.

TAYLOR, J., Dissenting.—I dissent. There is no competent evidence of the deceased having suffered a hernia compensable under C. S., sec. 6235.

Provisions similar in effect to those of C. S., sec. 6235, have been statutorily adopted in twelve states ("Workmen's Compensation Acts in the United States," Research Report No. 61 of the National Industrial Conference Board, pp. 229–231), and have been made a rule of evidence by the commissions of at least four or five states and in Switzerland. These provisions are a direct legislative adoption of the view of medical scientists that a hernia is ordinarily a disease, and that a hernia directly due to accident, and not in any degree pre-existing, and appearing suddenly and immediately as such, is extremely exceptional, and that to establish it as such the proof must be by facts required by C. S., sec. 6235. (*Poccardi v. Public Service Commission*, 75 W. Va.

542, 84 S. E. 242, L. R. A. 1916A, 299; 1 Honnold on Workmen's Compensation, p. 503.)

Excerpts from medical authorities so firmly fixing as conditions of a sudden hernia, not pre-existent to any degree, symptoms of pain, nausea, weakness or inability to work, as well as others, together with the necessity of sudden and immediate appearance, all so foreign to, and of all of which the proof here is so lacking, are found in abundance in a *résumé* thereof set forth by J. M. Wainwright, M. A., M. D., reprinted from the Archives of Surgery, March, 1923, vol. 6, pp. 605–637, and published by the Amercian Medical Association, upon "The Relation Between Oblique Inguinal Hernia and Workmen's Compensation Laws."

The statement in the opinion quoted from the Encyclopedia Britannica, that "Sometimes there is complete absence of pain and tenderness in the hernia itself," was not there used as a statement of symptoms of a suddenly produced and theretofore nonexistent hernia. The statement was used in setting forth the symptoms of a strangulated hernia, and not with relation to the sudden appearance of such a hernia. "The causing of a hernia and the strangulation thereof are seldom incident to the same accident." (*Kiernan v. Turlock Irr. Dist.*, 2 Cal. Ind. Acc. Com. 301.) Solé (J. de Méd.. de Paris 16:27, 1904), says: "The protrusion of a hernia is not the same thing as its formation. It is simply the last phase of its development." He strongly insists that, in sudden hernia, pain must be "not vague, slight and moderate, but violent, like that produced by the blow of a whip, a pain which it is impossible to conceal and which can lead to syncope. Pain persists several days and the part remains tender."

The opinion indulges in an "inference" that the hernia appeared suddenly and immediately. The best answer to this and to the claim herein is by Dr. Wainwright. In his treatise above referred to (pp. 23, 24) he says:

"Now, for a part of the abdominal contents to be forced through the ring for the first time, tight muscle must be stretched, more probably torn, fascial and aponeurotic struc-

tures must be torn, and the force to do this must be enormous. The tearing and stretching must cause immediate, very intense and prolonged pain. There must always be decided shock or collapse. The resumption of work cannot be thought of. The man doesn't need to tell his companions that something has happened. They can see it and have to carry him away. A physician is demanded post haste. Such a picture, and such a picture only, can accompany the incident when a viscus is driven for the first time through the internal abdominal ring, preformed sac or no sac. Such a case is, of course, compensable.''

That a traumatic hernia is extremely exceptional must be conceded. When a hernia so exceptional is claimed, but is not accompanied by any of the violent symptoms well established, some of which are sure to accompany such a case, it cannot be established by ''inference'' from symptoms pointing to the precipitation of a pre-existing hernia, and lacking any of the symptoms indicated by medical science and demanded by C. S., sec. 6235.

The opinion characterizes the evidence as an ''ample showing that the hernia appeared within the time required by the statute, *reasonably construed,* and did not exist in any degree prior to the injury.'' The statute cannot be said to be ''reasonably construed'' to permit of holding proof sufficient of the sudden and immediate appearance of the hernia which was not sudden and immediate within the tests of medical science, or accompanied by symptoms, wholly lacking here, the presence of which is demanded to establish such sudden and immediate appearance.

The opinion obscures the fact that even the first findings of the individual member of the board, although the basis of the first award, found that it had ''not been proven that the hernia appeared suddenly and immediately following any injury,'' and that it ''did not appear until the seventh day of May,'' and it was thereby ''further expressly found that it has not been proven that the said hernia did not exist in some degree prior to the time the deceased worked on said 'Fish Hatchery Road.' '' Upon a review, the same finding

was affirmed by the board, and even the first findings of the district court were the same. So we have every member of the board, and once the district court, finding the foregoing failure of proof under C. S., sec. 6235.

One cannot read the accumulation of the opinions of leading medical scientists without concluding that the evidence was not only insufficient to establish, within the intent of C. S., sec. 6235, that the hernia appeared suddenly and immediately following the injury, and did not exist in any degree prior to the injury, but that it wholly and completely established the contrary thereof, that it did not appear suddenly and immediately in the view of the meaning of those words as related to the symptoms which prompted their use. All of the proof presented symptoms which the great weight of medical science ascribes to the final disclosure of a pre-existing hernia.

The board was not bound to accept the conclusions of witnesses (*Dow's Case*, 231 Mass. 348, 121 N. E. 19), and could reject the opinions of the doctors, if they saw fit from all the evidence so to do. (*Jones v. City of Caldwell*, 20 Ida. 5, 116 Pac. 110, 48 L. R. A., N. S., 119.) The statements that the jarring and jolting undergone by claimant were adequate to produce a hernia were no proof that it did not exist before. The statement of a witness or witnesses that the deceased was an able-bodied man is not conclusive proof that he did not have a pre-existing hernia in some degree. (*Darling v. Bowen*, 10 Vt. 148.) Medical scientists are agreed that an apparently able-bodied man, capable of performing his ordinary work, may have a pre-existing hernia which is only brought to light and even to his knowledge by some strain. (1 Legal Medicine and Toxicology, by Peterson, Haines and Webster, 2d ed., p. 380.)

The district court or this court has no power to review the evidence before the board, except as a matter of law. The correctness of the findings of fact cannot be questioned when there has been presented to the board evidence to support them. (*Smith v. Industrial Acc. Com.*, 26 Cal. App. 560, 147 Pac. 600.) As said by the supreme court of Colo-

rado in *McPhee & McGinnity Co. v. Industrial Commission,* 67 Colo. 86, 185 Pac. 268,—

"The Legislature has seen fit, in our Workmen's Compensation Act, to make hernia the subject of the special provisions and exceptions hereinbefore set out. This court must give some effect to those exceptions. . . . . In fact, if the contentions of the defendant in error be upheld, it is only necessary, in case of such a claim, to produce evidence from which a reasonable inference may be drawn that the hernia appeared 'in the course of the employment.' It is impossible for this court to so nullify these exceptions, or read them out of the statute."