(No. 5495. March 6, 1930.)

DELL JENKINS, Appellant and Cross-Respondent, v. BOISE PAYETTE LUMBER COMPANY, Employer, and WORKMEN'S COMPENSATION EXCHANGE, Surety, Respondents and Cross-Appellants.

[287 Pac. 202.]

W. H. Davison and E. B. Smith, for Appellant and Cross-respondent.

Fraser & Carter and Ralph S. Nelson, for Respondents and Cross-appellants.

GIVENS, C. J.— On March 28, 1927, the Industrial Accident Board awarded to claimant compensation for permanent partial physical disability, equivalent to the loss of one leg at the knee, to cover a period of seventy-five weeks. The final payment of the award for this permanent partial

physical disability was received by appellant about August 8, 1928. Thereafter on October 19, 1928, appellant filed his petition, under C. S., sec. 6269, to reopen the award on the ground that he was then suffering from a traumatic psychosis caused by the injury received while in the employ of respondents, Boise Payette Lumber Company. The Industrial Accident Board found that there was no changed condition. The district court of appeal found that there was a changed condition, but concluded that if the case were definitely closed the appellant would recover, and upon that ground granted compensation for $666.67, covering a period of forty-one weeks and four days from August 13, 1928, to May 31, 1929, and ordered that upon the conclusion of such payments the case be permanently closed. In view of chap. 217, Sess. Laws 1921, controlling herein, we do not see why this amount was thus fixed. Both appellant and respondent have appealed from this award made by the district court and no argument has been presented sustaining it.

The claimant-appellant contends that the board erred in not finding that there was a changed mental condition and allowing additional compensation on that theory, and that the district court erred in refusing adequate compensation after having found that there was a changed mental condition.

The respondents and cross-appellants urge that since the petition to reopen was filed after the final payment had been made under the first award the commission had lost jurisdiction to further consider the matter, and second, that the findings of the commission upon the facts are conclusive upon this court. The portion of the statute, C. S., sec. 6269, pertinent as to the time within which the petition was filed, is as follows: ''On the application of any party on the ground of a change in conditions, the board may at any time, but not oftener than once in six months, review any agreement or award,'' etc.

Respondents and cross-appellants contend that this statute means any time during which payments under the first

award are still being made but that if such payments have ceased the matter is absolutely closed. The only case cited in support of this position is *Bosquet v. Howe Scale Co.*, 96 Vt. 364, 120 Atl. 171. The reasoning in this case does not appeal to us nor do we believe it has been followed, but that, on the contrary, it has been criticised and expressly *not* followed. In the first place the language of the statute is clear and unambiguous; and in the second place, answering the appellants' chief argument, there is as much reason to protect the honest and actually injured claimant, although such injury might not appear until after the expiration of the period when the first award is being paid, as there is to guard against the possibility of fraudulent imposition upon the commission.

The supreme court of Kentucky in the case of *Louisville Milling Co. v. Turner*, 209 Ky. 515, 273 S. W. 83, after considering this matter under a statute worded as ours, refused to follow the case cited above, and this construction has been followed in the later Kentucky case of *Johnson v. J. P. Taylor Co.*, 211 Ky. 821, 278 S. W. 169. The reasoning and conclusion reached by the Kentucky court is consonant with and is also supported by *United States Casualty Co. v. Smith,* 162 Ga. 130, 133 S. E. 851; *Hunnewell's Case,* 220 Mass. 351, 107 N. E. 934; *Independence Indemnity Co. v. White,* (Tex. Civ. App.) 10 S. W. (2d) 263; *Old Dominion Land Co. v. Mesick,* 149 Va. 330, 141 S. E. 132; *Johnson v. Iverson,* 175 Minn. 319, 221 N. W. 65, 222 N. W. 508.

As stated in the case of *State ex rel. Tinglestad v. Nye,* 136 Minn. 50, 161 N. W. 224, holding an application made within a year, as it was herein, to be in time:

"How long the right to apply for a re-adjustment continues after the payments under the award cease, if it does at all, is not of great present concern. Perhaps by analogy to the general limitation of the act the right would be restricted to a definite time. The application before us was made within a year of the award and the ceasing of payments under it. It should be understood that we limit our

decision as to the time within which an application must be made strictly to the facts shown in the award before us. We hold that the right had not expired at the time the application was made.''

And so we hold herein.

The respondents and cross-appellants urge that the finding of the board, if supported by competent evidence, is binding upon us. That is true, but if the evidence does not support the finding, a question of law is presented for determination by the courts. (*Burchett v. Anaconda Copper Min. Co.*, 48 Ida. 524, 283 Pac. 515; *Larson v. Blackwell Lumber Co.*, 48 Ida. 136, 279 Pac. 1087; *Hillhouse v. Bonner County*, 46 Ida. 730, 271 Pac. 459.)

The evidence as to changed mental condition is found in the testimony of the four witnesses who were all that testified; first, the claimant who testified generally as to his condition and inability to work, and which clearly showed a changed mental condition. Dr. Pittenger called by the claimant testified that there was no great change in his physical condition; what change there was was perhaps due to his advancing age, but that there was present a traumatic psychosis which had progressed. Dr. Koelsch testified that there was no change in the physical condition and he was not asked, nor did he say, anything with regard to the claimant suffering from psychosis. Dr. Stewart testified that there was no change in the claimant's physical condition; that he had paid no attention to him as to his mental condition; that there was no change in the claimant's ability to work, from the physical standpoint.

The only positive evidence in the record, therefore, with regard to the claimant's mental condition was that he was suffering from traumatic psychosis, which had progressed since the previous hearing; in other words, that he was in a worse mental condition. Respondents-appellants concede for the purposes of this action that mental psychosis, if the result of a personal injury by accident, as here, is compensable. The evidence, therefore, does not support the finding or conclusion of the board that there was no changed condi-

tion, since Dr. Pittenger testified, and was not contradicted, that claimant's inability came from his mental and not his physical condition. The district court, therefore, should have remanded the matter to the board for the purpose of having it make the proper finding as to the extent of the disability and the award. (*Larson v. Blackwell Lumber Co., supra.*) No authority has been submitted to us authorizing the judgment entered by the trial court acknowledging a changed condition but allowing the limited compensation granted on the theory that this would cause the claimant to immediately become well.

The judgment is therefore reversed and the cause remanded for further proceedings before the board in accordance with this opinion.

Costs awarded to appellant.

Budge, Lee, Varian and McNaughton, JJ., concur.

### ON APPELLANT'S PETITION FOR REHEARING.

#### (April 2, 1930.)

GIVENS, C. J.—The appellant Jenkins has moved for a rehearing on the ground that the cause should not have been remanded but that this court should have directed a judgment in his favor for compensation for 400 weeks' total disability, less 120 weeks, for which time he has been paid, or until such time as appellant is able to perform work, at the rate of $16 per week, with interest thereon as provided by 1921 Sess. Laws, sec. 6272A, p. 480.

The respondents urge that such action by this court should not be taken because the hearing before the board was merely upon the question of reopening the case and not upon the question of what award should have been made if there was a changed condition. The record shows that the board not only denied appellant's petition to reopen the case but notwithstanding such denial after full hearing found no right to further compensation. Both

parties had full opportunity to present such testimony as they desired, and it appears that they had a complete hearing upon both questions. Therefore no good purpose would be served by remanding the cause for further proceedings. (*Weidner v. Northway Motor Mfg. Co.*, 205 Mich. 583, 172 N. W. 574; *Belleville Brick & Tile Co. v. Industrial Com.*, 305 Ill. 577, 137 N. E. 401.) Thus determining both questions seems in line with C. S., sec. 6269.

The previous opinion is modified to this effect: "The judgment is reversed and the cause remanded with instructions to the district court to enter judgment in favor of appellant Jenkins for compensation at the rate of $16 per week for 400 weeks, less 128 weeks, interest to be paid thereon in conformity with 1921 Sess. Laws, sec. 6272A, p. 480."

Appellant's petition for rehearing is denied.

Budge, Lee, Varian and McNaughton, JJ., concur.