(No. 6144.  January 12, 1935.)

J. A. FIELDS, Employee, Claimant and Respondent, v.
BUFFALO–IDAHO MINING COMPANY, INC., Em-
ployer, and STATE INSURANCE FUND, Surety, De-
fendants and Appellants.

[40 Pac. (2d) 114.]

Harry J. Hanley, for Appellants.

Wilbur L. Campbell, for Respondent.

BUDGE, J.—Respondent, claiming to be a stockholder, director, manager and employee of the Buffalo-Idaho Mining

Company, Inc., on October 4, 1932, while working with one William Stilwell in a drift of the Gold King Number One Mine, owned by the Buffalo-Idaho Mining Company, Inc., was seriously injured by a blast. The extent and permanency of his injuries are not in controversy. After spending approximately two weeks in the hospital respondent, as an employee, gave notice to himself, as manager of the Buffalo-Idaho Mining Company, Inc., of his injury and claimed compensation therefor. On October 22, 1932, respondent, as manager of the mining company, sent a report to the State Insurance Fund that himself, as claimant, was at the date of the injury an employee of the mining company. Respondent on March 27, 1933, filed with the Industrial Accident Board an application for hearing and an award under the Workmen's Compensation Act. The State Insurance Fund appeared at the hearing in its own behalf and in behalf of the mining company and a joint answer was entered denying every allegation of respondent's application. The Industrial Accident Board made the following, among other, findings:

"Because of claimant's attitude on the witness stand and his manner of testifying and his contradictory statements and because of his failure to produce corroborative evidence, which was available if any existed, and because all the record evidence made by himself prior to his injury does not sustain the fact that he was on the 4th day of October, 1932, an employee of the Buffalo-Idaho Mining Company, Inc., or operating the mine in which he was injured on behalf of or for the Buffalo-Idaho Mining Company, Inc., and because of his interest in the matter, the members do not feel that claimant has sustained the burden of proof, and it is found that the claimant's injuries were not the result of an accident arising out of and in the course of his employment with the defendant, Buffalo-Idaho Mining Company, Inc."

The claim for compensation was denied and the application dismissed by the board, and an appeal was taken to

the district court. At the hearing before the district court said court set aside the order of the Industrial Accident Board as being contrary to the evidence and contrary to law and remanded the cause to the Industrial Accident Board for further proceedings.

Upon entry of the order of the Industrial Accident Board, denying compensation and dismissing respondent's application, respondent filed a claim for review and thereafter and prior to the taking of any action upon respondent's claim for review by the board he appealed to the district court from the board's order denying compensation. The point is sought to be made that the order appealed from would not become final until after the board acted upon respondent's claim for review and therefore that the appeal was prematurely taken and the judgment of the district court was therefore erroneous and invalid. I. C. A., sec. 43–1403, provides that "the board may hear" the application for compensation, or the board may "assign it for hearing by a member of the board." Under the provisions of I. C. A., sec. 43–1404, "If the matter has been assigned for hearing by a member, and a claim for review is not filed by any party to the proceeding within thirty days after his decision is filed, the member's decision shall be the decision of the board." I. C. A., sec. 43–1406, provides:

"If a claim for review is filed, as provided in section 43–1404, the board shall hear the parties and may hear the evidence in regard to any, or all matters pertinent thereto, and may revise the decision of the member in whole or in part, or may refer the matter back to the member for further findings of fact and shall file its decision with the records of the proceedings and notify the parties thereof. Neither party shall, as a matter of right be entitled to a second hearing upon any question of fact."

I. C. A., sec. 43–1408, provides:

"An award of the board in the absence of fraud, shall be final and conclusive between the parties, except as provided in section 43–1407, unless within thirty days after

a copy has been sent to the parties, either party appeals to the district court. . . . . ''

In the instant case the findings recite that the ''matter came on regularly for hearing . . . . before the Industrial Accident Board of the State of Idaho''; and do not recite that it was before a member of the board, and it might be here observed that the record discloses that the following stipulation, in harmony with the statute, was entered into, namely:

''Mr. Suppiger: Gentlemen, there are only two members of the Board present. May it be stipulated that in case the two members hearing the matter cannot agree upon a decision that the third member, whoever he may be, may read the transcript of the evidence and participate in the decision to the same effect as if he were personally present at the hearing?

''Mr. Campbell: It is so stipulated on the part of the applicant.

''Mr. O'Malley: Yes.''

The statute is silent as to any necessity or right to file a claim for review where the hearing is before the board. Since the statute only provides for the filing of a claim for review where the matter is heard by a member, and does not provide for a claim for review when heard by the board, it would seem to follow that the decision of the board is a final decision from which an appeal lies to the district court and which must be taken within thirty days after a copy thereof has been sent to the parties.

It is contended that the trial court is without authority to send a matter back to the board for the entry of an award in conformity with the conclusions of the court when different than the award made by the board. Where an award is made by the board the district court may enter an independent judgment. (*Ybaibarriaga v. Farmer,* 39 Ida. 361, 228 Pac. 227; *Jenkins v. Boise Payette Lumber Co.,* 49 Ida. 24, 287 Pac. 202.) Where no award is made by the board and the evidence is insufficient to sustain

the findings of the board adverse to the claimant, but the evidence is sufficient to sustain findings and an award in favor of the claimant and sufficient to entitle him to recover compensation, the trial court may remand the case to the board with instructions to enter up an award in favor of claimant. (*Brady v. Place*, 41 Ida. 747, 242 Pac. 314; *In re Larson*, 48 Ida. 136, 279 Pac. 1087.) The findings of the board, if supported by sufficient competent evidence, are binding upon the courts, but if the evidence does not support a finding or findings, a question of law is presented for determination by the courts. (*Jenkins v. Boise Payette Lumber Co., supra; Burchett v. Anaconda Copper Min. Co.*, 48 Ida. 524, 283 Pac. 515; *In re Larson, supra; Hillhouse v. Bonner County*, 46 Ida. 730, 271 Pac. 459.) It is within the province of the court to set aside findings unsupported by competent and substantial evidence. (*In re Larson, supra.*)

The board erred in considering that corroborating evidence was necessary; hence, the question is not whether there is corroborating evidence, but whether there is sufficient competent evidence to establish respondent's claim for compensation.

The judgment of the district court is therefore reversed and the cause is remanded to said court, with instructions to remand the case to the Industrial Accident Board, with instructions to take additional evidence, which appears to be available (*In re Bones*, 48 Ida. 94, 280 Pac. 226, on petition for rehearing; *Feuling v. Farmers' Co-op. Ditch Co.*, 54 Ida. 326, 31 Pac. (2d) 683), in order to establish whether or not, on the 4th day of October, 1932, respondent was employed as a laborer by the Buffalo-Idaho Mining Company, Inc., at the time the injury was sustained.

Givens, C. J., and Wernette, J., concur.

Holden, J., concurs in the conclusion reached.

MORGAN, J., Dissenting.—This case was heard by two of the three members of the board and, as pointed out in the foregoing opinion, it was stipulated by the parties that in case the members present were unable to agree on a decision, the absent member might read the transcript of the evidence and participate in the decision the same as if he had been present at the hearing. Therefore, the statute providing for a review by the entire board of the decision of a single member, whereat additional evidence may be offered, was not applicable.

June 2, 1933, after the decision by the members who heard the case, respondent filed a claim for review. June 5, 1933, apparently realizing he had mistaken his remedy, he filed notice of appeal to the district court from the award by the board. The appeal had the effect of withdrawing the claim for review and, although the district judge based his reversal of the award, in part, on representations made in the claim for review and on an affidavit filed in support of it, they were not properly before the court nor do they constitute any valid reason for remanding the case to the board with direction to allow further testimony to be taken.

Respondent was represented before the board and in the district court by counsel and there is no apparent reason why he should be granted a further opportunity, for which he has not properly applied, to make additional proof.

For the reasons set out in the dissenting opinion in *Larson v. Callahan Canning Co.*, 53 Ida. 746, 751, 27 Pac. (2d) 967, 969, I am not in accord with the statement in the foregoing opinion that "the findings of the board, if supported by sufficient competent evidence, are binding upon the courts, . . . . " I am in accord with the findings of the board in this case to the effect that the evidence is insufficient to sustain an award for respondent.

Assuming, but not deciding, that a contract such as that testified to by respondent would be valid if made, no one should be required to believe the uncorroborated testimony

of an interested witness to the effect that a corporation, all the officers and directors of which except the witness resided far distant from the scene of his activities, had contracted with him, its managing agent, whereby he was permitted on its behalf to hire himself to work for it in its gold mine whenever, and if ever, he saw fit to do so, or to lease the mine from it and to retain the proceeds thereof as his own whenever, and if ever, he wanted to do that, without, in either instance, giving information to the other directors or officers of the corporation as to his activities and in which, if either, of his capacities he was acting.

The board's finding that the evidence is insufficient to sustain an award in favor of respondent is supported by the rule that where evidence is available to a party litigant which he might be expected to produce if it were favorable to him, his unexplained failure to produce it raises the presumption that had he done so it would have been against him. (*Vollmer v. Vollmer*, 46 Ida. 97, 266 Pac. 677; *Garrett v. Neitzel*, 48 Ida. 727, 285 Pac. 472; *Federal Land Bank v. Union Central Life Ins. Co.*, 51 Ida. 490, 6 Pac. (2d) 486.)

I am in favor of directing that the decision and award of the industrial accident board be affirmed.